KINGS COUNTY—HON. JESSE C. SMITH, SURROGATE—March, 1852.

## *In re* ROGERS.[*]

*In the Matter of the final accounting of* JONATHAN ROGERS, *administrator of* DAVID DUNHAM, *deceased.*

An administrator or executor who neglects to take proceedings provided by statute to prove his debt or claim against the estate of the deceased for more than ten years, is barred by the Statute of Limitations.

The Legislature having required him to make proof of his claim, before he can retain in satisfaction of his own claim, the same vigilance should be required from him in establishing his claim as from any other creditor of the estate.

Letters of administration were granted October 31, 1836, and an inventory was filed on the 12th day of January, 1837. An order to advertise for claims was made in June of the same year, and notice published for six months. No further proceedings were had in the Surrogate's Court, or elsewhere, for an account or distribution, until October, 1850, when one of the next of kin applied for an order requiring an accounting by the administrator. In presenting the account, the administrator made a claim against the estate of $651.94, with interest, for work, labor, and materials, done and furnished the intestate in his lifetime. It was claimed by counsel for next of kin that the debt was barred by the Statute of Limitations.

JOHN P. ROLFE, *for administrator.*

ALONZO G. HAMMOND, *for the next of kin.*

THE SURROGATE.—Previous to the Revised Statutes an executor or administrator had a right to retain for his own debt due to him from the deceased in preference to all other creditors of equal degree. (2 *Williams on Ex.*, 894, 895 ; *Rogers* v. *Rogers*, 3 *Wend.*, 503.) This right was given him from

[*] Reported in 11 *N. Y. Leg. Obs.*, 245.

necessity, because he could not sue himself, and the law intended to place him in the same situation as if he had sued himself as executor or administrator and. recovered his debt, but it did not give him the right to retain against other creditors of a superior order. In *Williams on Ex.* (904), it is held that an executor or administrator might retain for a debt due to himself, though it be more than six years old. But in the case of *Rogers* v. *Rogers* (3 *Wend.*, 503), the Court of Errors of this State held that he could not retain a debt which he could not recover .as creditor simply, and not as executor.

Under that decision, however, it was held to be necessary that the statute limitation should have run'out before the death of the testator. By the Revised Statutes (2 *Rev. Stat.*, 88, § 33) it is provided that no part of the property of the deceased shall be retained by an executor or administrator in satisfaction of his own debt or claim until it shall have been proved to and allowed by the surrogate; and such debt or claim shall not be entitled to any preference over others of the same class.

In the Session Laws of 1837 (ch. 460, § 37), the Legislature provides the manner in which such debt or claim shall be proved to and allowed by the surrogate. By this provision the executor or administrator has the option to take a proceeding expressly for the purpose of proving his claim upon citing the proper parties,. or to prove his claim upon his final accounting. The first proceeding is seldom resorted to, from the difficulty of ascertaining who are the proper persons to be cited, and the latter plan is usually adopted.

But in either case it will be observed that the statute requires the proceeding to be taken by the executor or administrator himself; and there is no provision in the statute by which the executor or administrator can be compelled by a creditor, legatee, or next of kin, to take the proceeding to prove his claim, or for a final accounting.

The Statute of Limitations nowhere in express terms applies to Surrogates' Courts.

But it was frequently held before the Revised Statutes

that though the former Statute of Limitations did not in terms apply to a court of equity, yet that court had always been considered within the spirit and meaning of the statute; and it was said that courts of equity followed the law, and acted not merely by analogy, but in obedience to the statute. *(Hovenden* v. *Lord Annesley*, 2 *Sch. & L.*, 630, 631; *Kane* v. *Bloodgood*, 7 *Johns. Ch.*, 90; *Murray* v. *Coster*, 20 *Johns.*, 585; *Bertine* v. *Varian*, 1 *Edw.*, 343.) And in a later case of appeal to the chancellor from the Surrogate's Court of the City and County of New York (*McCartee* v. *Camel*, 1 *Barb. Ch.*, 455), where the Statute of Limitations was interposed in a proceeding by one of the next of kin, to compel the administrator to account and pay over a distributive share, the chancellor held that in analogy to the Statute of Limitations, suits by creditors, legatees, or distributees, before a surrogate, to obtain payment of their debts, legacies, or distributive shares, should be instituted within the time in which suits of the same character are required to be commenced in the courts of law and equity; and the learned chancellor says: " The statute does not in terms specify the time within which a creditor, legatee, or distributee shall institute a suit before the surrogate against executors or administrators to obtain payment of his debt or legacy, or his distributive share. But the Legislature never could have intended to give a party the right to institute such a suit before a surrogate, after his remedy was barred by the Statute of Limitations in all other courts."

It is true that there is a difference between that case and the question now submitted. There the party had a concurrent remedy in a court of law or equity; while in this case I know of no remedy by action in any other court to enable an executor or administrator to prove his claim. And it has been held by the surrogate of the city and county of New York in *Paff* v. *Kinney* ( 1 *Bradf.*, 1), that the Statute of Limitations would apply to proceedings in the Surrogate's Court, though the party had no concurrent remedy in any other court.

In this case it has been in the power of the administrator, at any time after eighteen months from the issuing of his letters of administration, to have taken this proceeding for a final settlement of his accounts, upon which he might and should have proved his claim.   Or he could have obtained a citation for the purpose of proving his claim at any time after the issuing of his letters.   The Legislature having required him to make proof of his claim before he can retain in satisfaction of his own debt, the same vigilance should be required from him in establishing his claim as from any other creditor of the estate.   And he having neglected to take any proceedings for that purpose for more than thirteen years, has been guilty of great laches and is barred from the recovery of his claim against the estate of the deceased.