---

### In re MACOMBER'S ESTATE.

*(Surrogate's Court, New York County.   April 17, 1890.)*

EXECUTORS AND ADMINISTRATORS—CLAIM OF EXECUTOR—PAYMENT.
  An executor who owns a note executed by his testatrix need not prove its non-payment, but the person who contests its allowance must prove its payment.

On settlement of the accounts of the executor of the will of Sarah Macomber, deceased.

*Edward E. Sprague* and *Fred. Ingraham*, for executor.   *William J. Gaynor*, for Mary L. O'Flyn.   *Frederick G. Dow*, for George Powers and others.

RANSOM, S.   The evidence sustains the report of the referee, and, unless there is something in the questions hereinafter considered that requires a different disposition of the case, the report should be confirmed. It is insisted by the contestant that certain debts, which the executor claims the testatrix owed him at the time of her death, and which he is seeking to prove upon this proceeding for the first judicial settlement of his accounts, were barred by the statute of limitations. Fourteen years have intervened between the date of the death of the testatrix and the initiation of this proceeding.   None of the claims in question were barred at the time of testatrix's death.   Prior to the amendment of section 37, c. 460, of the Laws of 1837, by chapter 594 of the Laws of 1868, the statute ran against a debt due the representative of the estate, as well as against that of any other claimant.   *In re Rogers*, 1 Redf. Sur. 231; *Burnett* v. *Noble*, 5 Redf. Sur. 73, 74; *Boughton* v. *Flint*, 74 N. Y. 476.   By the act of 1868, and section 2740 of the Code of Civil Procedure, which superseded that act, if the statute had not barred the claim or demand of an executor or administrator at the time of decedent's death, its running was suspended until the first judicial settlement of the account of the executor or administrator.   See *In re Willard's Estate*, 9 N. Y. Supp. 555.   The executor, therefore, was not prevented from proving his claims on the present accounting.

One of the claims in question is upon a promissory note made by the testatrix.   It is contended by the contestant that the burden of proof as to the non-payment thereof rested upon the executor.   Payment is an affirmative defense which the party alleging it must prove or establish.   *Eagan* v. *Kergill*, 1 Dem. Sur. 466; *McKyring* v. *Bull*, 16 N. Y. 297.   Especially is this so where the claimant is, as in this instance, precluded from personally giving the proof.   *Lerche* v. *Brasher*, 104 N. Y. 157, 161, 10 N. E. Rep. 58.   The power of sale conferred on the executor, although doubtless a discretionary one, is sufficiently general in character to admit of the application of the proceeds of the real estate sold pursuant to it to the payment of decedent's debts.   *Erwin* v. *Loper*, 43 N. Y. 521, 525.   Of the jurisdiction of the court to entertain or compel an accounting for such proceeds there can be no doubt.   Section 2724, subd. 4, Code Civil Proc.; *In re Cutting*, Sur. Dec. 1885, p. 347, Daily Reg. Nov. 8, 1885.   Referee's report is confirmed.