Broadwell agt. Holcomb.

## N. Y. SUPERIOR COURT.

AMANDA A. BROADWELL agt. WILLIAM F. HOLCOMB.

*Summary proceedings — When execution of the warrant for dispossession of a tenant may be stayed — Code of Civil Procedure, sections 2262, 2263, 2265.*

The execution of the warrant in summary proceedings for dispossession of a tenant will not be stayed when the plaintiff has a remedy at law.
The remedy by injunction is confined to cases and conditions in which it might be granted to stay the execution of a judgment in an action of ejectment.

*At Chambers, August,* 1883.

MOTION for injunction to stay execution of warrant in summary proceedings by a landlord against his tenant.

*Pierre C. Talman,* for motion.

*John F. Baker,* opposed.

VAN VORST, *J.*—The Code of Civil Procedure gives an ample remedy for the review of the proceedings upon a summary application by a landlord for the removal of his tenant for

non-payment of rent. Formerly by *certiorari*, it is now by appeal (*Sec.* 2260).

And section 2261 declares that the issuing of the warrant cannot be stayed by such appeal or the giving of an undertaking thereunder, otherwise than is provided for in section 2262. In the county of New York, however, the execution of the warrant will not be stayed by the appeal on the proceedings thereunder (*Sec.* 2262).

Section 2263 gives to the person dispossessed a remedy by action for the recovery of the damages which he may have sustained by the dispossession, if the final order is reversed upon the appeal.

Section 2265 provides that, if the final order awards delivery of the possession, the issuing or execution of the warrant therefor cannot be stayed or suspended by any court or judge except in one of the following methods :

1. By an order made, or an undertaking filed, upon an appeal in a case, and in the manner specially provided for that purpose.

2. By an injunction order granted in an action against the petitioner (*i. e.*, the landlord)   *   *   *   " after the final judgment, except in a case where an injunction would be granted to stay the execution of the final judgment " in an action of ejectment, and upon like terms.

We have here a full scheme, with specific regulations, controlling these summary proceedings, and which gives the only method of a review of the same, and it limits the cases and conditions upon which an order of injunction may be granted to stay the execution of the warrant after final judgment. This latter remedy is confined to cases and conditions in which an injunction might be granted to stay the execution of a judgment in an action of ejectment. In order, therefore, to determine the plaintiff's right to a remedy by injunction, we must consider in what cases, and for what reasons, it might be invoked to stay the execution of a judgment in ejectment.

In *Chadwick* agt. *Sprague* (1 *N. Y. Civil Procedure R.*,

422) we have it stated : " The proceedings of the plaintiff in an action of ejectment will not be enjoined when the questions involved can be determined at law, or when the ground relied upon for an injunction would be equally available if urged as a defense to the action. If the questions raised by the answer in the proceeding are within the jurisdiction of the justice to decide, the question of the correctness of his ruling must be raised by appeal (*Jessuram* agt. *Mackie*, 24 *Hun*, 624, 627).

In *Knox* agt. *McDonald* (25 *Hun*, 268), HARDIN, J., in an opinion at general term, says, in substance, that injunctions are granted after final judgment in ejectment when the plaintiff is making an oppressive use of it, citing *Jackson* agt. *Styles* (3 *Wend.*, 49), or when the plaintiff's title to the premises has terminated, or where the defendant has, subsequent thereto, acquired some interest or equity in the subject matter which should be protected, or when the judgment was procured by fraud or collusion (*See, also, Armstrong* agt. *Cumming*, 20 *How.*, 313 ; *Brown* agt. *Met. Gas. L. Co.*, 38 *How. P. R.*, 133).

In *Chadwick* agt. *Sprague* (*supra*) it was said, " that if the justice goes beyond his jurisdiction, either in taking cognizance of the proceeding or while he is acting in it, this court might doubtless restrain ; so it might, I think, if it appeared that the tenant had equities which the justice could not protect. "

These cases, I think, sufficiently indicate the cases in which this court can under its equity powers restrain the execution of the warrant, and I cannot conceive it to be necessary to add anything to the exposition of the law thus made. They indicate the rule which should apply to and would be likely to be decisive of any given case.

The question arises, does the plaintiff make out a case which would authorize the court to interfere with the execution of the warrant which has been ordered to be issued by the justice before whom the proceedings were had ?

It was urged on the argument of this motion, on the plaintiff's behalf, that the relation of landlord and tenant was

created by the writing of May 1, 1883, which forms a part of the papers in the case, and by which the payment of the rent was attempted to be secured. But I do not so understand the transaction. The agreement for the letting of the premises and for the amount of rent to be paid therefor, and when to be paid, was fixed before that day and about the middle of April, 1883, plaintiff agreeing to give security for the payment of the rent. The security given on the first day of May was in pursuance of such previous agreement and was not the original, but a collateral undertaking and obligation. The rent was to be paid monthly in advance.

I do not find in the writing of May 1, 1883, any waiver on the part of the landlord, either of the payment of the rent, monthly in advance, or of his right to invoke his remedies under the statute, in case of a failure to pay the rent when due. And a collateral security has this quality, that it does not necessarily suspend legal efforts and remedies to enforce the principal undertaking, according to its terms until it be fully satisfied, and when that is accomplished the security should be given up. In any event the questions raised before the justice were legal, and involved the determination of the time and terms of the letting of the premises, and as to rent being in arrear, and the effect of the agreement providing for collateral security, and as such were within the jurisdiction of justice to decide, and this court has no supervisory power over his judgment, or to review it, or supersede its execution, in a suit of the character of the one now under consideration.

If there is any error in the proceedings before the justice or in his decision, it can be corrected only on appeal, and if his decision should be ultimately reversed, the plaintiff's remedy under the Code is by an action for damages. It is thus seen that the plaintiff has a remedy at law, and in such case equity cannot interfere.

The motion for a continuance of the injunction must therefore be denied, and the temporary injunction must be dissolved, with ten dollars costs.