DURANT LAND IMP. CO. *v.* EAST RIVER ELECTRIC LIGHT CO.

(*Common Pleas of New York City and County, General Term.* July 22, 1889.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—PLEADING—COUNTER-CLAIM.

In summary proceedings by a landlord under Code Civil Proc. N. Y. § 2231, subd. 2, which provides that, where a tenant holds over, after default in payment of rent according to agreement, and demand of rent made, or three days' notice in writing requiring payment of rent or possession of the premises, he may be summarily ejected, neither a counter-claim, nor the failure of the landlord to repair, etc., as covenanted, can be pleaded; and a general denial is the proper plea, under which the lessee could claim the benefit of a clause in the lease providing for an apportionment of rent for what time he might be deprived of the use and enjoyment of the demised premises owing to repairs made by the lessor.

2. SAME—DEFENSES—AMOUNT OF DEMAND.

It is no defense to a summary proceeding by a landlord that the full amount of the stipulated rent was not payable, and the proceeding will not fail because the landlord demands more than is due.

Appeal from Eighth district court.

Summary proceedings by the Durant Land Improvement Company against the East River Electric Light Company, to obtain possession of certain premises leased by plaintiff to defendant. An agreement for a lease was made in 1887, under which defendant was entitled to take possession of a portion of the premises in question, all of which were to be put in repair by plaintiff, and the lease to commence May 1, 1888, and continue 33 years, with two renewals of 33 years. Defendant took possession accordingly, and since May 1, 1888, plaintiff commenced repairs necessary under the lease, and the action of the department of buildings of New York city, but never completed them, and thus deprived defendant of the use of the same. Plaintiff brought this action in the nature of a summary proceeding, under Code Civil Proc. § 2231, subd. 2, which provides that "where he [the tenant] holds over without the like permission, [of the landlord,] after a default in the payment of rent, pursuant to the agreement under which the demised premises are held, and a demand of the rent has been made, or at least three days' notice in writing, requiring, in the alternative, the payment of the rent, or the possession of the premises, has been served, in behalf of the person entitled to the rent, upon the person owing it, as prescribed in this title for the service of a precept." Defendant refused either alternative. On the trial in the district court, Judge JEROLEMAN decided in favor of defendant, and dismissed the proceedings, and plaintiff appeals therefrom.

Argued before VAN HOESEN and ALLEN, JJ.

*C. J. Hardy*, for appellant. *Leonard A. Giegerich*, for respondent.

PER CURIAM. A counter-claim cannot be pleaded in summary proceedings, nor can a tenant plead as a defense the failure of the landlord to perform a covenant to alter, enlarge, rebuild, or repair the demised premises. Chief Justice McAdam has collated, in the second edition of his work on Landlord and Tenant, (page 644,) some of the authorities on the subject. The only answer that the tenant can make is a general denial, or a denial of some specific allegation of the petition. In his note, on page 642 of the second edition of his work, Chief Justice McAdam falls into the error of saying that payment of the rent could not be proved under a denial. In this he is mistaken. The landlord, if he proceeds because of the non-payment of rent, is bound to allege in his petition (section 2231) that rent is due, and that the tenant has made default in the payment thereof. Under a denial of that averment, the tenant may prove payment, and thus show that he is not in default, and that no rent is due. If for any other reason no rent be due and payable, the tenant may, under a denial, prove that he is not in default in the payment of his rent. In *People v. Howlett*, 76 N. Y. 574, under a denial, the tenant could have proved that the relation of landlord and tenant did not exist, for

the reason that the so-called "lease" was only a shift to cover a usurious agreement for the loan of money, and therefore was utterly void; but the court said that, in addition to a denial, the tenant had pleaded the facts that showed the lease to be void for usury, and that no harm had been done by such a plea. The answer of the tenant in this case violates the rules that govern pleadings in summary proceedings. The third, fourth, fifth, sixth, seventh, and eighth paragraphs, which are intended to set up separate defenses, are, each and every one of them, bad in substance, and they present no defense. They amount to nothing more than a series of allegations that the landlord had failed to perform various covenants that they had bound themselves by the lease to perform. If these allegations were all true, they constituted no answer to the landlord's claim for rent. But, under the denials of the answer, the tenants could claim the benefit of that clause in the lease that provides for an apportionment of the rent for the time that they were deprived of the enjoyment of a part of the demised premises in consequence of the making of alterations and repairs by the landlords.

The lease provides that if the landlord, in making alterations or repairs, excluded the tenants from the enjoyment of any part of the premises, "the rent reserved, or such part thereof as shall be justly proportionate to the portion or portions of the said demised premises of the use of which the said party of the second part [the tenants] shall be deprived by reason of the control of said premises by said party of the first part, [the landlords,] shall be suspended or abated." If the acts of the landlords had entirely prevented the tenants from any use of the demised premises during the period for which rent was claimed, the tenants could have shown, under a denial, that by the terms of the lease no rent at all was due and payable. But it was not a sufficient answer to these proceedings to show that the full amount of the stipulated rent was not payable. The law is that, if any rent whatsoever is due, it must be paid if the tenant wishes to retain his lease. The landlord does not fail if he demands more than his due, though he can recover no more than he is entitled to. It has never been the law that a plaintiff should be turned out of court without redress because he claimed more than the court considered to be rightfully his. A tenant has no right to retain possession when he confesses, or when it is proved that he is in default in the payment of any part of his rent. In a case like this, where the amount that he is to pay can only be ascertained by agreement, or, that failing, by a judicial decision as to what is the fair proportion of the rent that he ought to pay, he is bound to appeal to the courts for an adjudication as to his liability, if his landlord claims from him more than he concedes to be due. It was proved that the landlords, in compliance as well with the request of the tenants as with the provisions of the lease, did make certain alterations and repairs, and that the doing of the work did deprive the tenants of the beneficial enjoyment of a part of the demised premises. From this it results that the tenant is relieved, by the terms of the lease, from paying any more than a fair proportion of the rent. But it does not follow that they are relieved from paying any rent whatever. Some rent is due and in arrear, and, this being so, the landlords are entitled to a final order in their favor. *Jarvis* v. *Driggs*, 69 N. Y. 147. If the tenants wish to be relieved of their default, they must tender what is due, and, if that cannot be ascertained without a judicial inquiry, they must appeal to the courts to determine the amount. It is idle to argue that a tenant is not in default until the landlord has demanded the exact sum that is due. He is in default if, when demand is made, he does not pay what is due, whether it be the sum that the landlord demands, or less or more. Though we do not concur in all the reasoning of Judge DANIELS in *Kelly* v. *Miles*, 48 Hun, 6, we think that the conclusion that he reached is equitable and satisfactory, and that he has correctly defined the respective duties of landlord and tenant in cases of this description. We think that the final order should be reversed.