DURANT LAND IMP CO. v. THOMSON-HOUSTON ELECTRIC CO.

(Common Pleas of New York City and County, General Term, January 16, 1893.)

SUMMARY PROCEEDINGS—FAILURE TO PAY—JUDGMENT FOR RENT—STAY ON APPEAL.

A judgment for rent, pending on appeal, with an undertaking effectual as a stay, does not prevent a valid demand of the rent and a default in its payment, and so opposes no bar to a summary proceeding to dispossess the tenant for nonpayment of the rent for which the landlord has the judgment.

(Syllabus by the Court.)

Appeal from district court.

Proceedings by the Durant Land Improvement Company against the Thomson-Houston Electric Company to recover real property. From a judgment of the district court dismissing the proceedings, plaintiff appeals. Reversed.

In an action by respondent for apportionment of rent the appellant counterclaimed, and recovered judgment for the rent, for the nonpayment of which this proceeding is instituted. The judgment antedated the demand for rent in this proceeding. After the issuance of execution on the judgment, and before the demand in this proceeding, the respondent took and perfected an appeal from the judgment.

Argued before BOOKSTAVER, P. J., and BISCHOFF and PRYOR, JJ.

Esek Cowen and Charles J. Hardy, for appellant.

Wm. B. Putney, Eugene S. Ives, and Henry B. Twombly, for respondent.

PRYOR, J. We have given to the case the consideration due to its importance and to the novelty of the point upon which its decision is suspended. Whether the order shall stand depends upon the correctness of three propositions affirmed by the trial justice in favor of the respondent, namely: That no due demand of the rent was made; that the demand was not made upon the tenant; and that, because of a judgment for the rent in behalf of the appellant, and an undertaking given by the respondent on appeal from that judgment, there was no effectual demand, and so no default.

As to the first proposition, it appears by the return that the landlord made demand of the "amount due for rent;" that the amount due had been ascertained and determined by a judgment between the parties; and that of this judgment the respondent had actual notice. The demand, therefore, was, in effect, of the sum so judicially decided to be due for rent. Demand of the amount of rent due, without naming the amount, is sufficient. McLean v. Spratt, 20 Fla. 515; McAdam, Landl. & Ten. 681. In reason, moreover, the tenant may be presumed to be as well apprised of the sum he owes as the landlord of the sum owing him. The technicality requisite at common law to a forfeiture of the tenant's estate for rent in arrears has no place in a summary proceeding before a justice, since, manifestly, the strict observance of that technicality is incompatible as well with the nature of the remedy as the

character of the tribunal administering it.   To complicate and incumber the proceeding with a vain ceremonial that would frustrate its policy and effect, cannot be within the legislative intent.   But, however this may be, it follows from our adjudication in a former litigation between these same parties that no precise amount need be named in the demand for rent, in order to institute a proceeding of summary dispossession. 15 Daly, 337, 6 N. Y. Supp. 659.

Equally untenable is the position that the demand was not made upon the tenant.   That tenant was a corporation, and the demand was made of the person who executed the lease as president of the company, who said he was president, and that he had resigned, but his resignation had never been acted on; that, as far as he knew, he was president of the company.   The statement, being merely an extrajudicial declaration, was incompetent evidence; but it was admitted without objection, and, in the case, had all the effect of a valid proof.   We are of opinion that, in the absence of countervailing evidence, it is sufficiently shown that the person of whom the demand was made was then president of the respondent company.   "To complete a resignation it is necessary that the corporation manifest their acceptance of the offer to resign."   Willcox, Mun. Corp. 239; 1 Kyd, Corp. c. 3, § 4; Van Orsdall v. Hazard, 3 Hill, 243; Edwards v. U. S., 103 U. S. 471; 17 Amer. & Eng. Enc. Law, 169.   It is not apparent that this common-law rule has been abrogated in the state of New York.   The decision in Bank v. Colwell, 132 N. Y. 250, 30 N. E. Rep. 644, proceeded upon the principle that the director ceased to be such by the transfer of the stock, ownership of which was a necessary qualification for the office.   At all events, in the case at bar, it seems from the president's statement that his resignation was contingent on its acceptance.   Avowedly the respondent's real reliance is upon the proposition that, because of the judgment for rent and the stay on appeal, the rent was not legally demandable, and a default in payment not legally possible.   A demand and a default in payment were requisite to support the proceeding.   Code, § 2231, subd. 2.

What, then, was the effect of the judgment and the undertaking on appeal upon respondent's obligation to pay, and appellant's right to demand, the rent?   Indisputably the judgment operated a merger of the cause of action for rent in the sense and with the effect that "all its powers to sustain rights and enforce liabilities terminated in the judgment, and could not again be used as the foundation of a suit between the same parties."   15 Amer. & Eng. Enc. Law, 336.   In other words, the claim for rent was transmuted into a higher security, and instead of resting in covenant, became a debt of record.   But, the right was not extinguished; on the contrary, it was made certain and invulnerable by the judgment.   Nor did the judgment pay the rent, but only authenticated and confirmed the claim to it by an unimpeachable security. What effect, again, had the judgment on the right to prosecute this proceeding?   The proceeding is upon the lease, but is not to recover the rent; and judgment of dispossession does not determine the amount of rent due.   Kelly v. Miles, 48 Hun, 6.   The proceeding is in pursuit of another independent and collateral remedy available by law to the land-

lord, namely, to recover the land for default in the rent. The right to reclaim possession and the right to recover rent are not inconsistent, for, after dispossession of the tenant, he may still be sued for the very rent which was the occasion of his dispossession. That the extinction of the one remedy (an action for rent on the lease) does not involve an extinction of the other collateral and independent remedy (recovery of possession for nonpayment of the rent) is plain upon principle, and is settled by authoritative adjudication. " The rule that security of. a higher nature extinguished inferior sucurities will be found to apply only to the state or condition of the debt itself, and means no more than this: that, when a judgment is taken upon a debt, the debt, as to its original or inferior condition, is extinguished or swallowed up in the higher. * * * It has never been applied, and never should be, to the extinguishment of distinct collateral securities, whether superior or inferior in degree. They are to be canceled only by satisfaction of the debt." Butler v. Miller, 1 N. Y. 496, 500. " A judgment upon a contract technically merges the demand, but not in so complete a sense that the courts may not look behind the judgment, to see upon what it is founded for the purpose of protecting the equitable rights connected with the original relation of the parties." Clark v. Rowling, 3 N. Y. 216.

The judgment interposing no bar to the proceeding, the remaining question is, was it arrested by the undertaking on appeal from the judgment? The contention of the respondent is that the stay in the action for rent effected by the undertaking operated a suspension of appellant's right to demand the rent in the proceeding for dispossession, and that, as the appellant has no right to demand, the respondent is not in default by refusal. The effect of a duly-perfected appeal is to "stay all proceedings to enforce the judgment appealed from." ,Code, § 1310. In Ireland v. Nichols, 40 How. Pr. 85, 86, the court says: "The proceedings here referred to must be construed to mean such proceedings as may be instituted by the respondent for the purpose of enforcing the provisions of the judgment." In Morey v. Tracey, 92 N. Y. 581, 583, the court held that a stay on appeal is effectual only against a proceeding "to enforce the plaintiff's rights under the original judgment, or to obtain the fruits of it." That the proceeding to dispossess is neither an enforcement of appellant's rights under the judgment, nor an effort to obtain the fruits of that judgment, is too obvious for argument. Appellant's right under the judgment was to the rent in arrear, and that he neither sought to recover nor could recover in the present proceeding. The "fruits" of the judgment was the money thereby recovered, but the object and end of this proceeding is, not that money, but simply possession of the premises. Nor does a stay on appeal impair or affect the right determined by the judgment, but only arrests all further proceedings to enforce it. Bowman v. Tallman, 19 Abb. Pr. 84; In re Berry, 26 Barb. 55; Ward v. James, 8 Hun, 526. Hence the inevitable corollary that the judgment and stay on appeal did not impair respondent's liability for the rent, or appellant's right to receive it. Both the right and the liability still subsist, and, though not in their original form, yet in their original vigor and validity. There was a right, there-

fore, on the part of appellant, to support its demand, and such a liabil-ity on the part of the respondent as made its refusal a default, provided the demand was not under or in enforcement of the judgment. That the demand was not under the judgment nor to enforce its provisions, but proceeded upon an independent and collateral right, and to enforce an independent and collateral remedy, is a self-evident proposition. The demand, therefore, was lawful and effectual, and respondent's refusal such a default as entitled appellant to maintain the proceeding. It is not irrelevant to remark, in construing the policy of the statute, that security on appeal from the order of dispossession itself would not oper-ate a stay of its enforcement. Code, § 2262; Broadwell v. Holcomb, 65 How. Pr. 502.

Order reversed, and new trial ordered; costs to abide the event.