(21 Misc. Rep. 477.)

SHELDON et al. v. TESTERA.

(Supreme Court, Appellate Term.   October 28, 1897.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—DEMAND.

Although the amount demanded by a landlord from a tenant for rent, under Code Civ. Proc. § 2231, is less than the full amount then due, yet the tenant is in default for not paying what is demanded, and summary proceedings will lie for his removal.

2. SAME—AMOUNT DUE—FINAL ORDER.

As the final order of the justice in summary proceedings is not conclusive as to the amount of rent due at the time it is rendered, and as the tenant is in default if any rent be unpaid after demand, no error committed by the justice in holding the tenant in default for nonpayment of any specific sum can affect the judgment of dispossession, if any sum whatever is due after demand for that sum as averred in the petition.

Appeal from Eleventh district court.

Summary proceedings by Charles H. Sheldon and Horace M. Barry against Charles G. Testera.   From a final order of dispossession, the tenant appeals.   Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Theodore W. Morris, Jr., and Frederick J. Moses, for appellant.

Charles Henry Butler and Robert Gibson, Jr., for respondents.

DALY, P. J.   The tenant was dispossessed for nonpayment of rent.   The landlord's petition alleged an indebtedness of $35.47 for rent due April 10, 1897, demanded on or about that date and again on May 10, 1897; an indebtedness in excess of the sum of $39.53 for rent due May 10, 1897, demanded on that date; an indebtedness of $374.34 due as rent on April 10, 1897, for the use of electric light, demanded on that date and again on May 10, 1897; and an indebtedness of $8.87 as rent due May 10, 1897, and demanded on that date. The tenant's answer denied that on April 17th there was due a sum in excess of $39.53 for rent, or that there is any sum due for rent; sets up a tender of $34.58 on May 13, 1897, as being all the rent then due, and that the landlord refused to receive that sum.   As to the rent due on April 17, 1897, amounting to $35.47, it appears that a check given by the tenant for that amount was refused payment at the bank, and that when, on May 10, 1897, a demand of that rent was made, the tenant offered to pay it if the check was surrendered. Leaving out of view the dispute as to that item, and the tenant's contention that he could not be dispossessed for nonpayment of any sum claimed to be due for electric lights, it appears from the uncontroverted evidence before the justice that on May 10, 1897, the landlord demanded $39.53 for additional rent, and that the tenant refused to pay more than $34.58 on that account.   It is conceded that there was actually due on that day more than the $39.53 demanded; that there was due in fact $45.30, being $34.58 for an installment of rent due May 1st, and $10.72 for another installment due May 8th; and the reason given by the tenant for not paying the $39.53 demanded was that no demand was made of the $10.72.   He testified that both installments were due, but seems to have been under the impression that, unless the whole of the installment were demanded,

he was not bound to pay the portion demanded. The landlord might have demanded $45.30, but, out of abundant caution, he asked for a less sum; and, as it was within his actual right, he was entitled to it. There is no law which requires that he should ask for all that is due him. If what he demands is due, the tenant is in default for not paying it, and summary proceedings may properly be instituted.

Upon the trial the tenant offered to pay $34.58 of the sum demanded, and refused to pay more, for the reason already given. He thus remained in default for rent conceded to be due, and for which demand had been made, and the landlord was entitled to a warrant. While a demand of the rent due is necessary to uphold these proceedings (Code Civ. Proc. § 2231; People v. Platt, 43 Barb. 116; Wolcott v. Schenk, 16 How. Prac. 449), it is not essential that the demand should be of the exact amount due. "A tenant has no right to retain possession when he confesses or when it is proved that he is in default in the payment of any part of his rent. * * * It is idle to argue that the tenant is not in default until the landlord has demanded the exact sum that is due. He is in default if, when demand is made, he does not pay what is due, whether it be the sum that the landlord demands, or less, or more." Durant Land Imp. Co. v. East River Electric Light Co. (Com. Pl.) 6 N. Y. Supp. 659. By the last expression the court undoubtedly meant that though the landlord demanded less than was due, and the tenant paid the amount demanded, he remained in arrear for the balance, and could be put in default again by a new demand of the residue. No precept can issue if the tenant pays what is demanded, though the demand be for less than what is due. It may be a question whether he is in default, if more be demanded than is due (People v. Dudley, 58 N. Y. 323, 334), yet the point is not decided in that case; the court simply holding that the proceeding is not invalidated by a demand of interest, since the landlord was entitled to interest. In 1 McAdam, Landl. & Ten. p. 655, it is suggested that the later decision in Jarvis v. Driggs, 69 N. Y. 147, may mean that the landlord may demand as much as he pleases, but the tenant must, at his peril, tender what is due. In Jarvis v. Driggs, upon which the decision in the Durant Case, above, was based, it was held that:

"If any rent whatever is due and unpaid, and there is a holding over by the tenant, without permission, after demand, the landlord is entitled to a warrant of dispossession, unless it is stayed as provided in the forty-fourth section of the act. The allegation in the affidavit as to the amount of rent due does not conclude the tenant. The judgment does establish that some rent is due, but it does not determine the amount."

That case disposes of the present appeal. As the final order of the justice in summary proceedings "is not conclusive as to the amount of rent due at the time it was rendered," and the tenant is in default if any rent be unpaid after demand, it is manifest that no error committed by the justice in holding the tenant in default for the nonpayment of any specific sum or sums or installments or claims will affect the judgment of dispossession, if it be conceded or undisputed that any sum whatever is due for rent, after demand for that sum as averred in the petition. Such is the case here. The dispute as to

the tenant's liability to be dispossessed for nonpayment of the sum due for electric light, or for the amount of the unpaid check, or for the rent tendered in court, is immaterial, in view of the undisputed evidence that a portion of an installment due was demanded and was not paid, and that "the landlord has established a demand for the rent due as averred." Grafton v. Brigham, 70 Hun, 131, 24 N. Y. Supp. 54. The effect of the decisions of the court of last resort has undoubtedly been to relieve the summary proceedings of many possible technicalities, since the justice's judgment therein is not binding upon the parties in any subsequent litigation as to the amount of rent due. The proceeding will not fail for want of demand for the exact amount due. It is enough to show that the demand set out in the petition has been made, and that when so made the rent demanded was either the whole or a part of what was due. We do not overlook the embarrassment which may result from the inconclusiveness of the justice's finding as to the amount of rent due when it comes to question of payment or security to stay the warrant (Code Civ. Proc. § 2254), or to redeem the premises (Code Civ. Proc. § 2256). But the former provision was before the court of appeals when Jarvis v. Driggs was decided (in its then form, section 44, 3 Rev. St. [5th Ed.] p. 839, referred to in the opinion), and must have been duly considered. But the tenant is not remediless, for a court of equity may be resorted to, if need be, to determine the amount of payment or security required, and in case of redemption the Code gives the justice equitable powers broad enough to protect the rights of all parties. Bien v. Bixby, 18 Misc. Rep. 415, 41 N. Y. Supp. 433.

Final order affirmed, with costs. All concur.