(76 App. Div. 93.)

## NATKINS v. WETTERER.

(Supreme Court, Appellate Division, First Department. November 21, 1902.)

1. LANDLORD AND TENANT—DISPOSSESSION—SUMMARY PROCEEDINGS—DEFENSES —ACCOUNTING—INJUNCTION.

Code Civ. Proc. § 2244, authorizes a tenant in summary dispossess proceedings to set up any new matter constituting a defense or counterclaim, as though the claim for rent was the subject of the action; and section 2265 declares that such a proceeding cannot be stayed by injunction before final order except where an injunction would be granted to stay proceedings in ejectment. *Held*, that a tenant's denial of rent due by reason of payments of interest and water-rent liens on the property, as authorized by the lease, and prayer for an accounting, being properly pleaded as a defense to the summary proceedings in a municipal court, it was error for the supreme court to grant an injunction before the entry of a final order in the summary proceedings staying the same pending a suit in the supreme court between defendant and the landlord for an accounting of the rents.

O'Brien and Hatch, JJ., dissenting.

Appeal from special term, New York county.

Action by I. Newton Natkins against Matilda Wetterer. From an order granting an injunction restraining a prosecution of summary proceedings to dispossess plaintiff as a tenant pending a suit for an accounting of rents, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Lawrence P. Mingey, for appellant.
Lewis M. Isaacs, for respondent.

INGRAHAM, J.   The complaint alleges that on or about the 17th day of July, 1902, the defendant, the owner of certain premises in the city of New York, instituted summary proceedings to recover possession of the premises, alleging a default in the payment of rent under a lease to the plaintiff's assignor; that in such proceeding this plaintiff duly appeared and filed his verified answer, denying the allegations of the petition, and alleging that all rent due under the lease had been paid; that, upon the trial of the issues thus presented, the plaintiff claimed to have paid certain sums of money for interest of mortgage, taxes, and water rates imposed upon the said property, that the defendant had failed to pay, and claimed to be entitled to credit of the amount thus paid under a clause in the lease which provided that in case default should at any time be made by the owner in the payment of any interest on mortgages then a lien on the demised premises, or in case the owner should fail to pay the taxes, water rates, and assessments levied thereon, the said lessee should have the right to pay the same, and deduct the amount of such payment from any rent then due or to become due under the said lease; that among other sums claimed to have been paid by the said plaintiff was the sum of $52, water rent; that upon the trial of the proceeding the petitioner claimed, to the surprise of the plaintiff, to have paid said sum of $52 for water rent prior to its payment by the plaintiff, and disputed the other payments alleged to have been made by the plaintiff for taxes and interest upon mortgages upon the leasehold premises; that it seems to have been conceded that unless these payments were established, and the plaintiff was entitled to deduct the amount thereof from the rent due under the lease, the plaintiff had failed to pay the rent due, and the question before the justice of the municipal court was whether or not the plaintiff had made the payments alleged, which he was entitled to deduct from the rent; that if, in point of fact, this sum of $52 was paid by the defendant, as aforesaid, prior to the payment by this plaintiff, the plaintiff was "innocently in default on the 1st day of July, 1902, in the payment of rent under said lease in the amount of $13.80, which amount, with interest thereon to August 4, 1902, amounting to $0.08,—in all, $13.88"; that the issues raised by the petition and answer in such proceeding came on for trial before the municipal court of the city of New York in the Tenth judicial district; that the evidence was taken before the court, and the case was taken under advisement by the justice on the 4th of August, 1902, and no final order in the proceeding had been made; that on August 4, 1902, the plaintiff duly paid into the said municipal court the sum of $13.88, together with the costs of the summary proceedings to the credit of the said proceeding, and for the benefit of the defendant, the petitioner therein, and on the same day notified the defendant of such payment; and that when the rent for the month of August, 1902, became due, the plaintiff duly tendered the full amount thereof to the defendant.   Upon these facts, which were not disputed by the defendant, the plaintiff commenced this action, asking for an accounting of all sums due from the plaintiff to the defendant under the lease before referred to, for rent or otherwise, and all payments made by the

plaintiff for rent, interest, taxes, assessments, or water rents, and for an injunction restraining the defendant from continuing said summary proceeding, and the institution of any other proceeding by reason of any alleged default in said rent heretofore accruing, and obtained from the court below an injunction restraining the further prosecution of the summary proceeding before the municipal court, and restraining the defendant, her agents, attorneys, and servants, from procuring or suffering the issuance of a warrant of dispossess in said summary proceeding, and from interfering in any wise with the peaceable use and enjoyment by the plaintiff, his subtenants and assigns, and all persons claiming under him, or any of them, in the premises in question, and from dispossessing or evicting him or them therefrom. And from the order continuing such injunction during the pendency of the action, the defendant appeals.

These proceedings are regulated by the Code of Civil Procedure (sections 2231 to 2265, inclusive). Section 2235 provides that the applicant must present to the judge or justice a written petition, describing the premises of which the possession is claimed, and the interest therein of the petitioner, stating the facts which, according to the provisions of the section, authorize the application by the petitioner, and the removal of the person in possession. Section 2238 provides that the judge or justice to whom the petition is presented must thereupon issue a precept directed to the person or persons designated in the petition as being in possession of the premises, and requiring them to remove from the property (describing it), or to show cause before him at a time and place specified in the precept why possession of the property should not be delivered to the petitioner. Section 2244 provides that, at the time when the precept is returnable—

"The person to whom it is directed, or his landlord, or any person in possession or claiming possession of the premises, or a part thereof, may file with the judge or justice who issued the precept, or with the clerk of the court, a written answer, verified in like manner as a verified answer in an action in the supreme court, denying generally the allegations, or specifically any material allegation of the petition, or setting forth a statement of any new matter constituting a legal or equitable defense, or counterclaim. Such defense or counterclaim may be set up and established in like manner as though the claim for rent in such proceeding was the subject of an action."

Section 2254 provides that the party against whom a final order is made, requiring the delivery of possession to the petitioner, may, at any time before a warrant is issued, stay the issuing thereof, and also stay an execution to collect the costs. Section 2260 provides for an appeal from a final order in such a proceeding; and section 2265 provides that:

"Where a petition is presented as prescribed in this title, the proceedings thereupon before the final order, and, if the final order awards delivery of the possession to the petitioner, the issuing or execution of the warrant thereupon, cannot be stayed or suspended by any court or judge, except in one of the following methods: (1) By an order made, or an undertaking filed, upon an appeal, in a case and in the manner specially prescribed for that purpose in this title. (2) By an injunction order, granted in an action against the petitioner. Such an injunction shall not be granted before the final order in the special proceeding, except in a case where an injunction would be granted

to stay the proceedings, in an action of ejectment, brought by the petitioner, and upon the like terms; or after the final order, except in a case where an injunction would be granted to stay the execution of the final judgment in such an action and upon the like terms."

It has long been settled that a court of equity will not enjoin the prosecution of an action of ejectment, or the enforcement of a judgment to such an action, where the facts relied upon to justify the injunction could have been set up as a defense in the ejectment action. If, therefore, the municipal court had jurisdiction to determine the questions presented by the complaint, and which the plaintiff asks may be determined in this action, then, under the prohibition contained in section 2265 of the Code, the injunction restraining the prosecution of the proceeding, or the issuance of the warrant to dispossess the plaintiff, should not have been granted. Under section 2244 of the Code, the defendant could, by his answer, deny the fact that rent was due and unpaid, and that he held over after default in the payment thereof, and upon the trial show that the rent had been paid, or that under the lease there was no rent due; and, if an accounting was required to determine that question, such an accounting could have been had before the justice. If, under the terms of the lease, the plaintiff had paid the taxes, assessments, or interest which he was entitled to apply upon rent due or to grow due, equal in amount to the rent due, the justice had jurisdiction to try that issue, and upon proof of that fact the issuance of a warrant by the justice would be error. If there was an erroneous determination by the justice of any question relevant upon the trial of the issue raised by the answer to the petition, the plaintiff's remedy was an appeal from the final order awarding possession of the premises to the defendant. Upon such appeal, ample provision is made for a stay of the warrant to be issued under such order. That upon such a defense being set up by answer, it was intended that the question of the amount of rent due should be determined by the justice, appears from the last clause of section 2244, which provides, "Such defense or counterclaim may be set up and established in like manner as though the claim for rent in such proceeding was the subject of an action." If the landlord had sued the tenant for rent, and the tenant had set up as an answer that he had paid taxes, assessments, and interest, which, under the terms of the lease, were to be deducted from the rent due, the question as to how much was due would be necessarily involved; and the court would have to determine whether the various payments had been actually made by the tenant, and whether such payments should be deducted from the rent to be paid under the lease, and when a defense in such a proceeding which alleges the payment of the rent is interposed, it is to be "set up and established in like manner as though the claim for rent in such proceeding was the subject of an action." When the action was commenced, there was no determination by the justice of the question submitted to him, and no final order has been granted directing the issuance of a warrant; and it cannot be presumed that the justice will issue a warrant unless the proof before him justifies it. We must take the facts

alleged in the complaint as true, in determining whether or not the court should interfere with this proceeding, regularly before the justice of the municipal court, and stay the further prosecution thereof. All of these questions can be settled and should be settled in the special proceeding before the justice of the municipal court, and there is certainly in such a case as this no justification for an application to a court of equity before a final order had been granted. If a final order adjudging to the landlord the possession of the premises should be granted, and plaintiff could not ascertain the amount due for rent, or from the nature of the decision of the justice, that question could not be determined, the propriety of an appeal to a court of equity for relief would then be presented; but, to justify such an application, it must be shown that without such application the plaintiff was unable to ascertain how much was due. The cases decided before the amendment of the Code giving to the justice jurisdiction to determine such a question as was here presented do not now apply.

I think the order appealed from should be reversed, with $10 costs and disbursements, and the motion for an injunction denied, with $10 costs.

VAN BRUNT, P. J., and McLAUGHLIN, J., concur.

O'BRIEN, J. (dissenting). The action is for an accounting and injunction, and other relief. In opposing the motion for the injunction, the defendant submitted no affidavits, but interposed a demurrer to the complaint; thereby, for the purposes of the motion and appeal, admitting the allegations of the complaint and of the moving affidavits. The plaintiff is a tenant under a recorded lease for three years from December 1, 1901, of premises at No. 69 West 100th street, which provides for the payment of rent in advance in equal monthly installments, but reserves to the tenant the right, in case of the owner's default, to pay interest on mortgages covering the premises, as well as taxes, water rates, and assessments, and to deduct such payments from the rent then due or to become due. The plaintiff holds the lease by assignment of the original lessee through a mesne assignee. The rent for December, 1901, and January, 1902, was duly paid by the then lessee; and, in addition, taxes and interest on the mortgages, which the owner had omitted to pay, were paid by the original lessee and this plaintiff. By April 5, 1902, when the last of said payments was made, the tenants had disbursed, in all, $866.20, which was sufficient to satisfy the rent up to June 30th, leaving $136.20 to be applied on account of the rent falling due July 1st. In May the defendant purchased the premises, subject to said lease and plaintiff's rights thereunder. On Monday, June 30, 1902, the tenant paid to the Croton water department of the city of New York the sum of $52 for water rent then apparently, and as he was informed by the clerk in charge, unpaid, and a lien on the premises. In point of fact, this amount had been paid by the owner three days before, but the entry had not been posted on the department's books. In July, the owner, claiming that the rent was

unpaid since February 1, 1902, amounting to $900, brought sum-
mary proceedings to obtain possession of the premises. The pres-
ent plaintiff, answering, denied that there was any rent due, and
set up the aforesaid payments, amounting to $938.20. On the trial,
for the first time, it developed that the $52 water rent had been paid
to the city by the owner on the Friday preceding the tenant's pay-
ment thereof. The latter payment not being chargeable against the
owner, said tenant was consequently in default on July 1, 1902, to
the extent of $13.80. The tenant, desirous of preserving his lease,
which is of very substantial value, immediately tendered to the owner
this amount, together with interest thereon and costs, and, on the
tender being refused, paid the same into court for her benefit. The
owner also refused a tender of the August rent, which accrued pend-
ing the proceeding. Thereupon the tenant brought the present action
to have an account stated between himself and his landlord, and the
precise amount due for rent, disputed by the landlord, determined
by a court of equity. Anticipating an adverse decision of the sum-
mary proceeding, since plaintiff was actually in default to the extent
of $13.80, at least, when the proceeding was instituted, and being
anxious to stay the warrant, but unable to do so because the landlord
disputed the amount of rent due, and refused the tender of the
amount conceded by the tenant to be due, plaintiff obtained ex parte
a temporary injunction staying the summary proceeding, and the
issuance of a warrant therein threatened by defendant, and directing
the defendant to show cause why the same should not be continued
pendente lite, and why the plaintiff should not be directed to pay into
court the August rent and all future installments pendente lite, if
they, too, should be refused by the landlord, and thereby and there-
upon be discharged from all liability therefor. On the argument of the
motion to continue the injunction, it was conceded in open court
that the justice of the municipal court had made a final order in
the summary proceeding in favor of the petitioner therein, awarding
to her possession of the premises. On the papers and such oral con-
cession that the final order in the summary proceeding was made, the
motion to continue the injunction was granted on plaintiff's filing
an additional bond in the sum of $750, thus making the defendant's
security $1,000 in all.

The principal question upon this appeal is whether this action for
an accounting and an injunction is maintainable. The general rule
is that a court of equity will not interfere with summary proceedings
in a municipal court "unless some peculiar equities exist, which can-
not be decided upon and disposed of by a court of inferior jurisdic-
tion so as properly to adjust the rights of the parties." Noble v. Mc-
Gurk, 16 Misc. Rep. 462, 39 N. Y. Supp. 921. Having this rule in
mind, the respondent insists that the plaintiff's rights could have been
determined in the municipal court, and refers to the enlarged pow-
ers conferred on that court by the amendment of 1893 to section 2244
of the Code of Civil Procedure (chapter 705, Laws 1893), under which
it is now permissible by answer to set up any defense or counterclaim,
legal or equitable, "as though the claim for rent in such proceeding

was the subject of an action." In commenting upon this amendment, McAdam, Landl. & Ten. (3d Ed.) p. 1426, says:

"By the amendment of 1893 authorizing a tenant to plead in summary proceedings any defense, legal or equitable, it was not contemplated that equity jurisdiction should attach to courts of local and inferior jurisdiction, to the extent of enabling them to grant affirmative equitable relief, of the nature afforded by a cross-bill, or otherwise."

And the learned author of that work might have added that the attempt of the legislature to enlarge the jurisdiction of such an inferior court, not of record, would seemingly be in contravention of section 18 of article 6 of the constitution of the state of New York, which provides:

"Inferior local courts may be established by the legislature but no inferior local court hereafter created shall be a court of record. The legislature shall not hereafter confer upon any inferior or local court of its creation, any equity jurisdiction or any greater jurisdiction in other respects than is conferred upon county courts by or under this article."

Passing, however, the question of the extent of the equity jurisdiction of a county court, and assuming, without deciding, that a municipal court in summary proceedings has equal jurisdiction, the further statement to be found in McAdam, Landl. & Ten., supra, is supported by abundant authority, to the effect that:

"Whenever an occupant in legal possession of premises requires an equitable remedy to protect his possession or enjoyment of the premises, he is entitled to such relief, in a proper case, to the extent necessary for such protection and enjoyment."

If, therefore, the municipal court was without power to determine the extent of the defendant's equities, or, having the power, should refuse to exercise it, or if, for the purpose of reaching a determination, an inquiry into the merits of the defense was necessary, then, seemingly, in order to protect the tenant's possession against a warrant of dispossession, a court of equity, if necessary to prevent irreparable loss, should supply the relief which the law could not or would not grant. Although the district court had the undoubted power, and it was its duty, to determine, even if it involved, to a certain extent, some form of accounting, whether or not any rent was due the landlord, the justice of that court was not required to go to the extent of determining the exact amount that was due. His inquiry was confined and directed simply to ascertaining whether any rent was due, in which event it was his duty to issue the warrant. The cases are numerous in which it has been held that in a summary proceeding the question to be determined is not how much rent is due, but whether there is any rent due. Jarvis v. Driggs, 69 N. Y. 143; Sheldon v. Testera, 21 Misc. Rep. 477, 47 N. Y. Supp. 653; Bennett v. Nick, 29 Misc. Rep. 632, 61 N. Y. Supp. 106; Spiro v. Barkin, 30 Misc. Rep. 87, 61 N. Y. Supp. 870. In Jarvis v. Driggs, supra, it was held that:

"If any rent whatever is due and unpaid, and there is a holding over by the tenant without permission after demand, the landlord is entitled to a warrant of dispossession. * * * The allegation in the affidavit as to the

.amount of rent due does not preclude the tenant. The judgment does establish that some rent is due, but it does not determine the amount."

Here the tenant concededly owed some small amount, and this was ·due to a mistake innocently made in paying the water rent after the landlord had himself paid it. By the terms of the lease, upon default in. the payment of interest on mortgages, taxes, and water rates, the tenant was at liberty to pay the same, and deduct the amount so paid ·from the rent next accruing and payable. Having gone to the office of the water register, and been informed that the water rents were not paid, amounting to about $50, the tenant paid them, and assumed the right to deduct that amount from the rent. Upon the trial in the .summary proceedings, it appeared that, some three days before such payment by the tenant, the landlord had himself paid the same water rent. It is therefore conceded, as stated, that some small amount of rent will be found due by the tenant, and this will be sufficient to require the justice to issue his warrant in favor of the landlord. He is not required to determine the amount, nor is he obliged to take up the matter of the accounting between the parties in such a way as to determine what is due; and yet it is only by having such amount determined, and a tender of payment of the same made before the warrant issues, that the tenant can retain possession of the premises. To protect such rights, therefore, it is essential that in some forum the .actual amount which the tenant is to pay shall be determined; and, if an accounting is necessary between the parties for that purpose, it follows that in some forum it must be had. And as the judge in the municipal court is not bound to take it for the purpose of determining the exact amount, the tenant is obliged to look elsewhere for relief in a case where the determination of the amount is essential for the protection and safeguarding of the tenant's possession. The determination of the exact amount due which is essential to the plaintiff's ·remedy, and which the municipal court is not obliged to make, furnishes the reason, where an accounting is necessary for that purpose, :as here, ·for resort to a court of equity, for it must be remembered, in this connection, that it is only after such a determination is made ·that the tenant can exercise the rights which are conferred upon him ·by statute. Thus section 2254 of the Code of Civil Procedure (sub-·division 1), gives to the tenant the absolute right to stay the issuing of an execution of a warrant of dispossession by paying to the landlord the rent due, with interest, and the costs of the summary proceeding. It is evident, however, that the amount due can neither be tendered nor paid until in some way ascertained; and we think, therefore, that, were the only ground of equitable intervention the fact that the municipal court is not bound to determine the rent due, that would be ·sufficient. As said in Sheldon v. Testera, supra:

"We do not overlook the embarrassment which may result from the incon-·clusiveness of the justice's finding as to the amount of rent due, when it comes to question of payment or security to stay the warrant (Code, § 2254), or to redeem the premises (Code, § 2256). * * * But the tenant is not remedi-less, for a court of equity may be resorted to, if need be, to determine the .amount of payment or security required, and in case of redemption the Code

gives the justice equitable powers broad enough to protect the rights of all parties."

In the case at bar the amount of the rent overdue, taking the tenant's version, is small. But whether it is greater than such sum, to ascertain the exact amount will involve an accounting, as there is question as to what, if any, credits shall be allowed the present tenant on account of payments for interest, etc., made by the former tenant. If the judge in the municipal court decided that question, it would not be conclusive upon the parties, because not essential for his determination. Until the amount can be definitely determined, so as to be binding upon both, there is no provision of law under which the tenant can exercise his statutory right to pay the amount due; and, unless resort can be had to a court of equity, he is remediless.

The lease is thought to be valuable, and the tenant has been diligent in his efforts to protect it, and the conditions imposed to secure the landlord are sufficient for the purpose. The merits, therefore, are with the tenant, and the sole question to which we have directed our discussion is whether or not a court of equity has power to intervene for his protection.

For these reasons, I dissent.

HATCH, J., concurs.