BELDING BROS. & CO. v. BLUM. ·

(Supreme Court, Appellate Term.    May 5, 1904.)

1. LEASES—FAILURE TO GIVE LESSEE POSSESSION—DAMAGES.

  The measure of damages for failure of the landlord to give the lessee possession on renewal, where the landlord covenanted to renew, and the lessee exercised the option to·renew, is the excess of the rental value over the rent reserved.

2. SAME—DISPOSSESS PROCEEDINGS—UNPAID RENT.

  The landlord, in dispossess proceedings, is entitled to a final order for possession, any portion of the rent being due.

Appeal· from Municipal Court, Borough of Manhattan, First District.

Summary proceedings by Belding Bros. & Co. against Nathan V. Blum to dispossess for nonpayment of rent. From an adverse final order, the landlords appeal. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Putney, Twombly & Putney, for appellants.
Blandy, Mooney & Shipman, for respondent.

GREENBAUM, J.   The appellants, having acquired a lease of the building 455 and 457 Broadway for a term of two years from February 1, 1901, sublet a portion of the premises to the respondent for a similar term, with the provision in the sublease to the effect that, if appellants secured "a new and further lease of the demised premises for a further term, at the end of the term of their original lease, they would renew the sublease to Blum [respondent] for a like term at a rental of $3,250 per annum.   The subtenant, Blum, was in occupancy of the premises in question during the term of his sublease, and duly paid the rent therein reserved.   Upon the expiration of the term of his lease, the appellants, having obtained in their own behalf a further lease from the owner in the name of one Barnard, declined to execute a further sublease to Blum, and caused to be instituted proceedings seeking summarily to oust respondent from the possession of the subleased premises upon the ground that his tenancy had expired. Appellants, failing to accomplish. their purpose of dispossessing Blum (Schlaich v. Blum, 42 Misc. 225, 85 N. Y. Supp. 335), acquiesced in the decision of the courts that the respondent was in fact their tenant, obtained an assignment from Barnard of the lease of the building, and of all claims he had against Blum, tendered to Blum a duly executed sublease on February 1, 1904, and demanded of him the rent for the month of February, 1904, amounting to $270.83, and the arrearage of unpaid rent, aggregating $3,250.   On February 2, 1904, this proceeding was begun for nonpayment of the rent for the month of February, 1904, and respondent counterclaimed damages exceeding the total amount of rent remaining unpaid.   The elements of damage claimed by the respondent may be embraced in three classes:   First, loss of rentals from subtenants of respondent through the appellants' breach of the covenant of renewal; second, counsel fees expended and in-

curred in defending respondent's possession of the premises, occasioned by the acts of appellants in violation of the breach of the covenant of quiet enjoyment; and, third, cost of providing heat necessitated by the cutting off of steam in violation of the covenant of quiet enjoyment. The justice below decided in favor of the tenant, and, upon final order entered upon such decision, the landlords have appealed to this court.

It was undisputed that the tenant had paid no rent after January 1, 1903, and that the total amount of unpaid rent, when the dispossess proceedings were commenced, amounted to $3,523.20. Unless the tenant could establish counterclaims exceeding the total amount of rent due under the lease, the landlord was entitled to a final order awarding him the possession of the premises. Durant Land Improvement Co. v. East R. E. L. Co., 15 Daly, 337, 6 N. Y. Supp. 659; Sheldon v. Testera, 21 Misc. Rep. 477, 47 N. Y. Supp. 653. The total damages counterclaimed by the tenant was $3,696.37, the item of loss of rentals from subtenants alone amounting to $3,206.67. It must therefore follow that, if the contention of the appellants be correct— that this item was not a proper subject of counterclaim—a considerable sum would then necessarily be due for rent, and the defense of the tenant would fall. The law is clearly settled that, for the failure of a lessor to give a lessee possession of leased property, the damages recoverable are limited to the excess of the actual rental value over the rent reserved in the lease. Dodds v. Hakes, 114 N Y 260, 21 N. E. 398. In the case at bar the respondent tendered no proof as to the actual rental value of the premises which he claims the acts of the landlord prevented him from renting. The proof on this head was to the effect that the tenant, not being in a position to show a written lease, was prevented from effecting rentals. It is difficult to see how this situation would create an exception to the general rule above stated as to the measure of damages. The respondent was in a legal position to sublease his premises, inasmuch as the renewal of the lease from the owner of the building to the appellants effected, at the option of Blum, a sublease in his favor, by reason of the covenant of renewal. It is clear, therefore, that this item of damage for loss of rentals was not a proper subject of counterclaim. Under the view of the case thus taken, it is unnecessary to consider the other items of damage, as the justice is not required to determine the actual amount due, and the final order is not an adjudication upon that issue. It is enough to show that a portion of the rent was due. Sheldon v. Testera, supra. See, also, Natkins v. Wetterer, 76 App. Div. 93, 78 N. Y. Supp. 713, and the same case on motion for reargument or leave to appeal to the Court of Appeals (80 N. Y. Supp. 1143) decided at the December, 1902, term, and not officially reported.

As to the point raised by the respondent that the petition was jurisdictionally defective, it will suffice to say that the petition sufficiently described the interest of the petitioners in the premises by proper allegations of facts, and properly alleged a personal demand for the rent.

The final order is reversed, and new trial ordered, with costs to the appellants to abide the event. All concur.