In an action for a declaratory judgment, and for an injunction, order granting an injunction pendente lite, restraining defendants from enforcing an agreement by respondent to pay a stipulated rental for premises occupied for commercial purposes, and to vacate such premises on or before a date stated in the agreement, reversed on the law and the facts, with $10 costs and disbursements, and the motion for an injunction pendente lite denied, with $10 costs. Respondent asserted, in his complaint and in .his affidavit in support of his motion for the injunction, that he was induced to enter into the agreement by fraudulent representations that the Commercial Rent Law (L. 1945, eh. 3, as amd.) no longer controlled the premises which he occupied. He also asserted that, as a matter of law, the agreement which he made was void and unenforeible, that when he made the agreement he believed he could obtain other premises in which to conduct his business, that such other premises were no longer available, that if he were evicted he would be irreparably damaged, and that he had no adequate remedy at law.. Appellants denied the making of the representations alleged to have been made, and that any irreparable damage would result from an eviction, and submitted an affidavit tending to establish that other commercial space, suitable to respondent’s business, was readily available. The agreement entered into stated that it was made by reason of appellants’ intention to apply to the Supreme Court for an increase in rent, presumably pursuant to the provisions of the Commercial Rent Law. The order granting the injunction made no provision for security, as required by section 819 of the Civil Practice Act. Under the circumstances disclosed, the granting of an injunction pendente lite was an improvident exercise of discretion. The facts alleged were not sufficient to establish that plaintiff had no adequate remedy at law or would suffer an irreparable injury if relief by injunction had not been granted. All of the facts alleged could have interposed as a defense in an action to collect the rent which *1002 respondent had agreed to pay, or in a summary proceeding to recover possession of the premises which he occupied, and respondent could have been afforded adequate protection, and as full a measure of relief, by the assertion of such facts as a defense. Under such circumstances, and in view of thé sharp issues of fact presented, an injunction pendente lite should not have been granted. (Cf. Natkins v. Wetterer, 76 App. Div. 93; Kienle V. Gretsch Realty Co., 133 App. Div. 391; Morrin v. Structural Steel Bd. of Trade, Inc., 231 App. Div. 673, and Voorhees & Hobart, Inc., v. Hobart, 251 App. Div. 111.) Nolan, P. J., Carswell, Sneed, Wenzel and Mae Crate, JJ., concur.