ROBERT M. JARVIS et al., Respondent, *v.* MARSHALL S. DRIGGS et al., Appellants.

It *seems* that a judgment taken by default in summary proceedings by a landlord for non-payment of rent is conclusive in an action by the landlord to recover rent, as to the existence and validity of the lease, the occupation by the tenant, and that some rent is due and unpaid; but it is not conclusive as to the amount of rent due, although it is alleged in the affidavit upon which the proceedings were instituted.

The plaintiff, however, upon such proof is entitled at least to nominal damages, and where upon the trial the only question raised is as to his right to recover anything, an exception to a decision thereof in favor of plaintiff does not present for review any question as to the amount.

(Argued February 21, 1877; decided March 20, 1877.)

APPEAL from judgment of the General Term of the court of Common Pleas in and for the city and county of New York, affirming a judgment in favor of plaintiffs entered upon a verdict.

This action was brought to recover rent alleged to be due, under and upon a one year's lease of certain premises in the city of New York.

The only evidence presented upon the trial on the part of plaintiffs was the record of summary proceedings, instituted by plaintiffs against defendants to remove them from the premises for non-payment of rent due. The affidavit upon which the proceedings were based alleged the leasing, the occupation of the demised premises by defendants, the holding over after default in the payment of rent without the consent of plaintiffs, the amount of rent due and unpaid, and a demand thereof. Defendants did not appear, a judgment by default was rendered against them, and a warrant of removal issued in pursuance thereof. Defendants' counsel moved for a nonsuit on the ground that the evidence failed " to show any hiring, any amount of rent due, or any default."

The court directed judgment for plaintiffs for the amount

of rent alleged in the affidavit to be due.    Defendants' counsel excepted to the ruling, "directing the jury to find for plaintiffs."   The jury rendered a verdict in accordance with the directions.

*Samuel Hand*, for the appellants.   The record of the summary proceedings not having been pleaded, was but evidence, and did not estop defendants from controverting any facts stated or adjudged thereon.   (*Outram* v. *Morewood*, 3 East, 340; *Vooght* v. *Winch*, 2 B. & A., 662; *Stafford* v. *Clark*, 1 C. & P., 405; 2 Bing., 377; *Hannaford* v. *Hunn*, 2 C. & P., 148; *Wall* v. *McNamara*, 1 T. R., 536, 2 Smith's L. Cas., 434, 444, 445; 2 Phil. on Ev. [5th Am. ed.], No. 43; *Herbert* v. *Cook*, 3 Doug.,    ; *Gwinne* v. *Poole*, 2 Lut., 1568; *Lucking* v. *Denning*, 1 Salk., 201; *Galbraith* v. *McGraw*, Addis., 305; *Truscot* v. *Carpenter*, 1 Ld. Raym., 229; *Huxham* v. *Smith*, 2 Camp., 19; *Barnes* v. *Winkler*, 3 C. & P., 345; *Kilheffer* v. *Herr*, 17 S. & R. [Pa.], 319, 322; *Cleaton* v. *Chambliss*, 6 Rand. [Va.], 86, 94; *Howard* v. *Mitchell*, 14 Mass., 241; *Adams* v. *Barnes*, 17 id., 295; *Church* v. *Longworth*, 4 Day [Conn.], 244; *Picquet* v. *McKay*, 3 Blackf. [Ind.], 465; *Edwards* v. *McConnell*, 1 Cooke [Tenn.], 305; *Perkins* v. *Walker*, 19 Vt., 144; 1 Greenl. on Ev. [12th ed.], 567; *Jackson* v. *Wood*, 3 Wend., 27; 8 id., 1, 39, 40; *Wright* v. *Butler*, 6 id., 284, 289; *Lawrence* v. *Hunt*, 10 id., 83; Code, §§ 142, 149; *Hendricks* v. *Decker*, 35 Barb., 298; *Dennis* v. *Snell*, 50 Barb., 95; 54 id., 411; 34 How. Pr., 467.)    There was a fatal variance between the pleadings and the evidence.    (Code, § 371; *Parker* v. *Rensselaer, etc.*, 16 Barb., 315; *Fisher* v. *Fredenhall*, 21 id., 82; *Hempstead* v. *N. Y. C.*, 28 id., 485; *Whitcomb* v. *Hungerford*, 47 id., 177; *Texier* v. *Gouin*, 5 Duer, 389; *Contrell* v. *Conklin*, 4 id., 45; *Saltus* v. *Genin*, 3 Bosw., 250, 456; Wait's Code, 317, 318; *Gasper* v. *Adams*, 28 Barb., 441; *Ransom* v. *Wetmore*, 39 id., 104; *Hall* v. *Morrison*, 3 Bosw., 520; *Trevivian* v. *Lawrence*, 1 Salk., 276; *Vooght* v. *Winch*, 2 B. & A., 662; 17 S. & R., 319, 322; 14 Mass., 241; 6

Rand., 86, 94; 8 Wend., 140; *McButt* v. *Hirsch*, 4 Abb.
Pr., 441; *Mallory* v. *Leach*, 14 id., 449; *Goodrich* v. *Dunbar*, 17 Barb., 644; *Dresser* v. *Brooks*, 3 id., 429; *Clark* v.
*Rowling*, 3 N. Y., 216.) If the action be treated as one
upon a judgment, the complaint lacked a number of necessary allegations, and should have been dismissed. (Code,
§§ 71, 161; *Thompson* v. *Sutphen*, 2 E. D. Smith, 527;
*Mills* v. *Winslow*, id., 18; *Turner* v. *Roby*, 3 N. Y., 193;
*Hunt* v. *Dutcher*, 13 How. Pr., 538; *Carter* v. *Koezlay*, 9
Bosw., 583; 14 Abb. Pr., 147; V. S. Pldgs. [Moak's 3d ed.],
363; *Hart* v. *Seixas*, 21 Wend., 40; *Nicholls* v. *Mason*, id.,
340; *Barnes* v. *Harris*, 4 N. Y., 375; *Clapp* v. *Graves*, 26
id., 418; *Foster* v. *Hazen*, 12 Barb., 547.)

*Jacob L. Hanes*, for the respondents. The record in the
summary proceedings was conclusive evidence and estopped
defendants from controverting any facts adjudged therein.
(*Powers* v. *Withy*, 42 How. Pr., 352; Bigelow on Estoppel,
519, 520; *Castle* v. *Noyes*, 14 N. Y., 329; *Embury* v. *Conner*,
511, 522; *Demarest* v. *Darg*, 32 id., 290, 292; *Kelsey*
v. *Ward*, 38 id., 83; *Doty* v. *Brown*, 4 id., 71; *Krekeler* v.
*Ritter*, 62 id., 372; *Stowell* v. *Chamberlain*, 60 id., 273;
*Newton* v. *Hook*, 48 id., 676; *White* v. *Coatsworth*, 2 Seld.,
137; *Craig* v. *Ward*, 3 Keyes, 387; *Young* v. *Rummel*, 2
Hill, 478; *Gardner* v. *Buckbee*, 3 Cow., 120; *Burt* v. *Sternberg*, 4 id., 559; *Wood* v. *Jackson*, 8 Wend., 9; *Lawrence*
v. *Hunt*, 10 id., 81; *Calkins* v. *Allerton*, 3 Barb., 171;
*Baker* v. *Rand*, 13 id., 152; *Clemens* v. *Clemens*, 37 N. Y.,
74; *Kamp* v. *Kamp*, 59 id., 216; *Hyatt* v. *Bates*, 35 Barb.,
308; *Ehle* v. *Bingham*, 7 id., 494; *Vail* v. *Vail*, id., 226;
*Bruen* v. *Hone*, 2 id., 586; *Taylor* v. *Dryden*, 8 J. R., 173;
*La Guen* v. *Governeur*, 1 J. Cas., 436; 2 R. S. [Edms. ed.],
530, § 34; *Imbert* v. *Hallock*, 23 How. Pr., 459, 460; *McGuire* v. *Ulrich*, 2 Abb. Pr., 28; *People ex rel. Teed* v.
*Teed*, 23 How. Pr., 240.) It was not necessary for plaintiff to plead the former adjudication. (1 Chitty on Pldgs.,
418 m. p.; *Knowles* v. *Gee*, 4 How. Pr., 317; *Harlow* v.

*Hamilton,* 6 id., 475; *Clark* v. *Harwood,* 8 id., 470; *Sands* v. *St. John,* 23 id., 140; 29 id., 574, note; 36 Barb., 628; *Butler* v. *Viele,* 44 id., 166; *Kelly* v. *Brensing,* 33 id., 123; *Watter* v. *Lockwood,* 23 id., 228.) By objection to the record when offered in evidence that it could not have legal effect to prove plaintiff's cause of action, defendants waived all tenable objections. (*Fountain* v. *Pettee,* 38 N. Y., 184; *Cent. Ins. Co.* v. *Pro. Ins. Co.,* 14 id., 85; *Blossom* v. *Barrett,* 37 id., 435; *Dunham* v. *Simmons,* 3 Hill, 609.)

ANDREWS, J. The determination of the magistrate in the summary proceedings instituted by the plaintiffs against the defendants did not establish the amount of rent due from the defendants at the time the proceedings were taken. The affidavit alleged the existence of the lease, the occupation by the defendants of the demised premises, the amount of rent due, and a holding over by the defendants after default in the payment of rent without consent of the landlords, and that the rent had been demanded. In *Brown* v. *The Mayor,* recently decided in this court,[*] which was an action brought to recover rent alleged to be due on a lease from the plaintiff's assignor to the defendants, the plaintiff put in evidence the record and determination in summary proceedings taken before a district judge in the city of New York, instituted by them against the defendants for the removal of the latter from the possession of the demised premises for non-payment of rent, in which proceeding judgment of dispossession was rendered against them by default. The plaintiff rested without further proof, and a verdict was directed in his favor for the amount of rent claimed to be due in the affidavit made in the summary proceedings, that being the rent for which the action was brought. Judgment was entered upon the verdict, which was affirmed by the General Term, and the judgment of General Term was affirmed by this court. This court decided that the question of the existence and validity of the lease between the plaintiff and defendants was conclu-

[*] 66 N. Y., 385.

sively established by the determination of the summary proceedings. No question was made in this court as to the effect of the determination as an adjudication of the amount of rent due, and that question was not decided. It is clear that the judgment of dispossession in such a case is not conclusive as to the amount of rent due at the time it was rendered. The magistrate has no power to award judgment for the recovery of rent. If any rent whatever is due and unpaid, and there is a holding over by the tenant without permission after demand, the landlord is entitled to a warrant of dispossession unless it is stayed as provided in the forty-fourth section of the act. The allegation in the affidavit as to the amount of rent due does not conclude the tenant. The judgment does establish that some rent is due, but it does not determine the amount.

In this case, if the question had been specifically raised that the determination in the summary proceedings did not establish the amount of rent which the plaintiffs were entitled to recover, and the court had held that it was established thereby, the ruling would have been erroneous. But this point was not raised by the exception. The question raised was whether the plaintiffs were, upon the proof made, entitled to recover anything. They were entitled at least to nominal damages, and the case was litigated on other issues. The amount of rent due to the plaintiffs, provided they were entitled to recover anything, was not the point in controversy. The other questions raised on this appeal are disposed of by our decision in *Brown* v. *The Mayor, supra.*

The judgment should be affirmed.

All concur.

Judgment affirmed.