question for the jury as to whether the defendant was in this case negligent in failing to maintain a guard or barrier along the easterly edge of this embankment. The city, very likely, could not be held liable merely because the contract did not provide for such guard or barrier; but after the contract was completed, and the work was accepted by the city, it maintained the street without a guard or barrier. The sidewalk ran along the embankment near its edge. The sidewalk was for the use of travelers. And the question whether the street and sidewalk, in that condition, were reasonably safe for public travel, when this unguarded embankment was so close to the sidewalk, was a question of fact for the jury; and, if its condition was not reasonably safe, then the city neglected its duty to the public who had occasion to and did use the sidewalk, and was liable for any injuries caused by such negligence. It cannot be held, as a general proposition, that a city may excuse itself from a charge of negligence as to the condition and care of its streets merely by claiming that it had acted judicially in determining to leave the street in a dangerous condition for public travel. The cases in which any such a rule can be applied at all must necessarily be quite limited, and this clearly is not such a case.

Our conclusion is that the judgment and order appealed from should be affirmed, with costs. All concur.

---

## ALIXANIAN v. WALTON.

(Supreme Court, Appellate Division, First Department. February 5, 1897.)

EXECUTORS—PAYMENT FOR TESTATOR'S BOARD—BURDEN OF PROOF.

In an action against an executor for the value of board and lodgings furnished his testator, it is unnecessary to prove, as part of plaintiff's case, that testator did not pay for the board and lodgings.

Appeal from trial term, New York county.

Action by Sarah H. M. Alixanian against Patrick Walton, executor of James Hernon, deceased, for board and lodgings furnished decedent. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Henry Major, for appellant.
Chas. Goeller, for respondent.

PATTERSON, J. The plaintiff, a boarding house keeper, sued to recover certain sums claimed to be owing her by the defendant's testator. There are three causes of action set forth in the complaint. The first is for meals furnished to the defendant's testator during a stated period of time; the second is for the value of the exclusive use of a room by him in the plaintiff's boarding house during a period mentioned in the complaint; and the third is for the value of the partial use of a room by him in her house during another period of time,

also stated in the complaint. The reasonable value of the meals furnished and the value of the use of the rooms are alleged in the complaint, and in connection with each cause of action is the affirmative allegation that there was due and owing to the plaintiff from the defendant's testator the amount claimed, and that the same had not been paid by the deceased. On the trial the justice presiding dismissed the complaint, apparently on the ground of a failure to prove nonpayment by the defendant's testator of either of the amounts claimed in the causes of action, respectively. The question involved in this appeal is whether the allegations of the complaint referring to nonpayment and to the breaches of contract were material to the plaintiff's causes of action. Whenever such allegations are material in support of an action, they must be proven. Lent v. Railway Co., 130 N. Y. 504, 29 N. E. 988, and Cochran v. Reich, 91 Hun, 440, 36 N. Y. Supp. 233, state the rule generally that, in actions on contract for the payment of money, nonpayment is a material element of the plaintiff's cause of action, and must be proved under a general denial. It was decided, however, in Salisbury v. Stinson, 10 Hun, 242, that payment, being an affirmative defense, must be pleaded to be made available. Nonpayment need not be alleged in the complaint nor proven on the trial. In the Lent Case, what was held in Salisbury v. Stinson was certainly repudiated; but in the consideration of the Lent Case the court overlooked, or did not have its attention directed to, the fact that the court of appeals had decided that in an action similar to the one now before us there was no necessity either of alleging or proving nonpayment of the demand sued upon. Lerche v. Brasher, 104 N. Y. 157, 10 N. E. 58. In the last-cited case the only question before the court was that of the competency of evidence given by the plaintiff to show nonpayment of a claim for services by an attorney against the defendant's testator. Evidence was admitted contrary to the provision of section 829 of the Code of Civil Procedure. The court declared that evidence incompetent and inadmissible, and held that it was error on the part of the trial court to permit it to be given, but nevertheless affirmed the judgment on the sole ground that, in an action for the value of services against the representatives of a deceased person, it was unnecessary to prove, as part of the plaintiff's cause of action, that the services for the value of which suit was brought had not been paid for by the decedent. That authority is conclusive upon the question involved in this appeal, and is not overruled by what was held in the Lent Case.

The judgment appealed from must be reversed, and a new trial ordered, with costs to abide the event. All concur.