·(20 Misc. Rep. 612.)

## COLLENDER v. SMITH et al.

(Supreme Court, Appellate Term.   June 14, 1897.)

1. SUMMARY PROCEEDINGS—ASSIGNMENT OF LEASE—PAYMENT OF RENT.
   It is no defense to summary proceedings against an assignee of the lease that the assignee has paid all rent accruing since his tenancy, where rent accruing under the lease before the assignment remains unpaid.

2. SAME—APPLICATION OF PAYMENTS.
   Where the assignee of a lease gave no instructions concerning the application of payments of rent made by him, the landlord had a right to apply them in payment of rent accruing under the lease before the assignment.

3. SAME—BURDEN OF PROVING PAYMENT.
   When the landlord in summary proceedings introduces the lease, which shows the amount of rent due, the burden is on the tenant to sustain his plea denying rent in arrear, or alleging payment.

Appeal from Eleventh district court.

Summary proceedings by Charlotte F. Collender against Thomas Smith and others.   From a final order in favor of the landlord, said Smith appeals.   Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

G. A. Moses (Gibson Putzel, of counsel), for appellant.
H. M. Solomon (Henry W. Taft, of counsel), for respondent.

McADAM, J.   The petition, verified March 6, 1897, alleges that on May 6, 1893, the landlord made a lease to Mary T. Smith, demising to her the building known as "No. 754 Columbus Avenue," for the term of 9 years and 11 months, from June 1, 1893, at $4,000 a year, up to May 1, 1898, and $4,500 yearly thereafter, payable monthly in advance; that Mary T. Smith, the same day, transferred the lease to Conrad Stein, who, on April 17, 1896, transferred it to Thomas Smith, the person proceeded against as tenant (herein referred to by that designation); that there were due under the lease March 1, 1897, $310.86 for the month ending October 1, 1896, $2,000 for the six months commencing October 1, 1896, and ending April 1, 1897, and $463.35 for unpaid water rents, made by the terms of the lease part of the rent, aggregating $2,774.21.   The answer filed by the tenant denied that he failed to pay "all rents becoming due from him to the petitioner."   This was neither a general nor specific denial of any fact alleged in the petition.   His affirmative plea which follows is also open to criticism.   He alleges "that he had paid said landlord, the petitioner, all rents becoming due to her by defendant since defendant became a tenant of petitioner."   Though there was no allegation that the specific rent claimed had been paid, the language of the plea was broad enough to admit proof of such payment.   The term of the lease commenced June 1, 1893, and the tenant acquired title thereto, as assignee, April 17, 1896; and it is apparent that care was taken in framing his plea to limit its application "since" he acquired his right of possession, evidently for the purpose of avoiding any issue as to the payment of the prior rent.

But that issue was unavoidable. If the landlord had, by action, attempted to enforce a personal liability against the tenant, as assignee of the term, a different question would have been presented. As the landlord held no contractual relations with him, he would have been liable to her on the privity of estate only, and then simply on such covenants as might have been broken during his possession as assignee. Frank v. Railroad Co., 122 N. Y. 221, 25 N. E. 332, and cases cited. This is not that case. As the court said in Jarvis v. Driggs, 69 N. Y. 147:

"The magistrate had no power to award judgment for the recovery of rent. If any rent whatever is due and unpaid, and there is a holding over by the tenant without permission after demand, the landlord is entitled to a warrant of dispossession."

The proceeding was not in personam, but in rem, to recover the possession of the demised premises. The tenant could protect his possession under the lease only by paying all the arrearages of rent due under it. He could not protect it by paying only what accrued after he took possession, any more than a person buying mortgaged premises could avoid paying the back interest if he wished to prevent foreclosure. Upon the trial the tenant testified to certain payments made by him, and, because they amounted to more than the rent claimed, he insists that his plea was sustained. The difficulty is that the payments were first applied, as they lawfully might be, to rent in arrear, before he took the assignment of the lease, leaving the balance due that is claimed by the landlord in her petition; and the fact that he paid more rent than accrued during his possession shows that he intended to pay the rent previously due. The landlord's agent testified that the payments made were so applied by the consent of the tenant's agent, and that accounts were furnished to and retained by the tenant, showing the application of the payments; that no objection was ever made to them, and the appellant's agent even promised to pay the balance claimed. In addition to this, many of the receipts were given in the name of the original tenant, evidencing an intention to credit the payments on the rent owing by her. Independent of any consent on the part of the tenant, as he had given no different direction concerning the application of the payments, the landlord had the right to apply them as she did. Sheppard v. Steele, 43 N. Y. 60; Orr v. Nagle, 87 Hun, 12, 33 N. Y. Supp. 879; 7 Wait, Act. & Def. 415; 18 Am. & Eng. Enc. Law, 237. The Code (section 2244) permits the tenant to file an answer denying generally the allegations, or specifically any material allegation, of the petition, or setting forth a statement of any new matter constituting a legal or equitable defense or counterclaim. Even assuming the form of denial adopted by the tenant to have been sufficient, which is not conceded (McClave v. Gibb, 11 Misc. Rep. 44, 31 N. Y. Supp. 847), the landlord proved in the first instance the amount of rent due when the lease was admitted in evidence.

Saunders, in his work on Pleading and Evidence (volume 2, p. 629), accurately states the law as follows:

"Under Plea Denying Rent in Arrear or Payment. The issue under this plea lies on the defendant; for, the lease being proved, the reservation and amount of the rent appear by it. The plaintiff is therefore called upon for no further proof, but the defendant must prove actual payment."

Indeed, whenever a written promise to pay a specific sum or sums of money is made, and the time appointed for payment has gone by, the production of the document by the promisee prima facie establishes the breach, whether the instrument be negotiable or not; and, after it is in evidence, it becomes incumbent upon the obligor to exonerate himself by his plea and proof of performance or excuse for nonperformance. Alixanian v. Walton, 14 App. Div. 199, 43 N. Y. Supp. 541.

The question below resolved itself into whether the tenant had satisfactorily sustained his plea, regarding it as one of payment. The evidence produced by the landlord clearly proved that, after charging the rent due under the lease, and crediting all payments on account, there remained due the entire sum demanded in the petition, and that it was therein correctly apportioned and specifically stated. The credit of $500 claimed by the tenant for the assignment of the Coates judgment was premature, as the landlord's agent testified that the amount of this judgment was not to be credited as so much money until collected from certain property then under foreclosure, from the proceeds of the sale of which it was supposed it might be satisfied. It was until then a mere security, and did not discharge any part of the debt. Conger v. Duryee, 90 N. Y. 594, to which the tenant has called our attention, relates to common-law actions of ejectment, in which the landlord is seeking to enforce a forfeiture of the term,—a remedy not favored,—and has no application to summary proceedings, which are more liberal in their nature, because the party proceeded against may, by paying the rent at any time before the issuing of the warrant, avoid all possibility of forfeiture. The justice adopted the landlord's theory of the case, and his finding in her favor on the facts leaves no solid ground upon which his conclusion can be successfully assailed.

The exceptions are without merit, and the final order must be affirmed, with costs. All concur.