(29 Misc. Rep. 632.)

### BENNETT v. NICK.

(Supreme Court, Appellate Term. November 29, 1899.)

1. LANDLORD AND TENANT—NONPAYMENT OF RENT—SUMMARY PROCEEDINGS—PREMATURE.

　　Where rent is payable in advance in two installments, one on the 2d and the other on the 15th of each month, a summary proceeding for nonpayment of rent, brought on the 15th, is not premature, where the first installment is due and unpaid.

2. SAME—SUMMARY PROCEEDINGS—JUDGMENT FOR RENT.

　　A magistrate has no power, in a summary proceeding for nonpayment of rent, to render a judgment for the recovery of rent.

Appeal from municipal court, borough of Manhattan, Fourth district.

Proceedings by Pauline Bennett against Louis Nick to recover possession of certain premises for failure to pay rent. From an order in favor of plaintiff, defendant appeals. Modified.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Alfred B. Jaworower, for appellant.

Abraham H. Sarasohn, for respondent.

FREEDMAN, P. J. These proceedings were instituted, upon a verified petition, to recover the possession of certain premises in this city for the alleged failure to pay the rent due for the month of April, 1899. The answer of the tenant admitted that the relation of landlord and tenant existed between the parties. Upon the hearing the tenant offered no testimony, relying upon the testimony on the part of the landlord as his defense. The trial judge directed the jury to render a verdict in favor of the landlord for the possession of the premises. The contention of the appellant

herein is that the proceedings were prematurely brought, and that no demand for the payment of the rent had been made prior to the commencement of the action. Neither position is sustained by the proof. The proceedings were begun on April 15, 1899. The lease provides for a monthly payment in advance of the sum of $55.50. It was conceded upon the trial, however, that the landlord had agreed to accept such rent in two installments,—one of $30, payable on the 2d, and one of $25.50, payable on the 15th, of each month. The petition alleged that there was $55.50 due on the 15th day of April, the day the proceedings were instituted. Assuming, as claimed by the appellant, that he had the whole of that day in which to pay the last installment of rent, it is undisputed that the sum of $30 was due and unpaid on April 2d; and it is sufficient to maintain these proceedings to show that, at the time they were begun, there was any rent whatsoever due and unpaid. Jarvis v. Driggs, 69 N. Y. 147; Barnum v. Fitzpatrick (Com. Pl.) 16 N. Y. Supp. 934. There was also uncontradicted testimony that not only was there a proper demand made upon the defendant, but that he unqualifiedly refused to pay rent, and that such demand was made prior to the commencement of these proceedings.

The jury found a general verdict in favor of the landlord. The record shows not only that the trial judge thereupon made the final order appealed from, but also that he rendered a judgment in favor of the landlord, and against the tenant, for the sum of $55.50, rent and costs. In a summary proceeding taken for the nonpayment of rent, the magistrate has no power to render a judgment for the recovery of rent. Jarvis v. Driggs, supra. The judgment must therefore be modified by striking therefrom the recovery of any sum, and affirming the final order awarding to the landlord the delivery of the possession of the premises, and, as so modified, affirmed, without costs of this appeal to either party.

Judgment modified by striking therefrom the amount of recovery, and granting a final order awarding to the landlord the delivery of the possession of the premises, without costs of this appeal. All concur.