In the matter of the estate of Mary Neil, deceased. Proceedings on judicial settlement of referee's account. Claim of damages disallowed in part.

Norwood & Dilley, for administrator claimant.
Clarence L. Barber, for next of kin contestants.

THOMAS, S. The administrator is a brother of the intestate, and makes a claim against her estate, which is resisted by certain of the next of kin. It was established by competent evidence, and found by the referee, that on or about November 1, 1884, the intestate entered into possession of three rooms in her brother's house, in 106th street, and used and occupied them until her death, in February, 1900. The reasonable rental value of these rooms was $7.50 per month, and she commenced her occupancy of them under a contract then made by her with her brother, by which she agreed to pay him $7.50 per month for the rent of the rooms as long as she should occupy them, and, in the event of his surviving her, her estate was to pay the difference between what she might have paid him in her lifetime and $7.50 a month during the time she so occupied his said premises; and, in the event of her surviving him, then his heirs were to have no claim against her for back rent. Receipts signed by the brother, and in the possession of the intestate at the time of her death, showed that the first payment made by her on the rent for the month of November, 1884, was $4, and that

she paid and her brother received $4 on the rent for December, 1884, on the understanding that the balance would be payable, pursuant to their agreement, out of her estate at her death. In the account of the administrator his claim was stated as being for rent of rooms, 184 months, at $7.50 a month, amounting to $1,380, with a credit of $445, leaving $935; and this statement was one of the allegations covered by his general verification. The objections filed by the next of kin specified as grounds of objection that the claim had been paid, and that it was barred by the statute of limitations. On the trial before the referee the administrator offered himself as a witness in his own behalf, and when his counsel attempted to examine him as to payments made by the intestate to him objection was made that he was an incompetent witness as to such matters, because of the provisions of section 829, Code Civ. Proc., and this objection was properly sustained, and the evidence was excluded. The administrator, by his counsel, then put upon the record a waiver of any claim in excess of $935, and subsequently filed a formal proof of claim, in which payments sufficient to reduce his claim to that amount were admitted, which was verified by him to the effect that no further payments had been made. No further affirmative proof of nonpayment was offered by the claimant, and the contestants did not offer any evidence of payment in support of their objection. On this evidence the learned referee reported against the claim, feeling constrained so to do because of decisions recited in his opinion. These cases were all actions in the supreme court, and, like Lent v. Railway Co., 130 N. Y. 504, 29 N. E. 988, which was the leading authority relied on, most of them concerned questions of pleading arising on demurrers. A case so nearly like the one at bar as to be controlling is Lerche v. Brasher, 104 N. Y. 157, 10 N. E. 58, and leads to an entirely different result. That was an action against an administrator with the will annexed to recover for services rendered his testator. The services and their value were proved, and the administrator was improperly allowed to testify as to nonpayment. A judgment was rendered, which was set aside by an order of the trial court, affirmed by the general term because of the error in receiving this evidence, and the appeal was from this order. The order was reversed, the court, Finch, J., writing, saying: "But, while the objection was a good one, the evidence was wholly immaterial. The plaintiff was not required to prove the negative, and payment was an affirmative defense, the burden of establishing which was on the defendant." No authority was cited to support this proposition, but this was not because authorities did not exist in great abundance. Where a contract obligation of a defendant or of his legal representative to pay a sum of money is shown, it has long been the rule that facts of discharge by payment or release are the subjects of affirmative defenses and affirmative proof on the part of the defendant. McKyring v. Bull, 16 N. Y. 297, 69 Am. Dec. 696. There are, of course, cases where nonpayment is a fact forming an essential part of a cause of action, and in such cases the negative fact must affirmatively be shown. Such a case was Knapp v. Roche, 94 N. Y. 329, cited

by the contestant, where the action was against an officer of a bank for damages for negligently loaning the moneys of the bank to a third person, who failed to pay, and the bank was thus damaged. Another was Ball & Wood Co. v. Clark & Sons Co., 31 App. Div. 356, 52 N. Y. Supp. 443, where a mechanic's lienor sought to establish his lien against the owner, without proof that anything was due from the owner to the original contractor. See, also, Quin v. Lloyd, 41 N. Y. 349. But in a case where an executor was sued for the value of board and lodging furnished to his testator it was determined by the appellate division of this department that the plaintiff was not required to prove nonpayment as a condition for his recovery, and the cases cited by the contestant were by name cited in support of the ruling. Hicks-Alixanian v. Walton, 14 App. Div. 199, 43 N. Y. Supp. 541. See, also, In re Rowell, 45 App. Div. 323, 61 N. Y. Supp. 382; In re Macomber's Estate (Sur.) 11 N. Y. Supp. 198, affirmed sub nom.; In re Powers, 124 N. Y. 361, 26 N. E. 940. The fact that by the terms of the contract the intestate was required to pay either at or before her decease does not change the rule. The obligation was to pay a fixed rent, and in every case of this kind only the balance unpaid can be recovered. The defense of the statute of limitations cannot prevail, because the balance unpaid did not become due until the death of the intestate. The conclusions of the referee disallowing the claim of the administrator will be reversed, and the claim allowed. In all other respects the report is confirmed. Costs of the administrator will be paid out of the estate.

Decreed accordingly.