STELLE v. CREAMER.

(Supreme Court, Appellate Division, Second Department. February 15, 1902.)

1. LANDLORD AND TENANT—SUMMARY DISPOSSESSION—QUESTION INVOLVED—AMOUNT FOUND DUE.

Under Code Civ. Proc. § 2254, providing that, where the final order in a summary proceeding for dispossession establishes that the tenant holds over after default in rent, he may effect a stay by payment of, or by an undertaking for, the rent due, where a tenant, after a final order of dispossession, made no offer to pay, and gave no undertaking, his legal rights were not invaded by the order, although the court made an erroneous finding against him as to the amount of rent due.

2. SAME—JURISDICTION—JUDGMENT FOR RECOVERY OF RENT.

In a proceeding for summary dispossession, the court has no power to render any judgment for the recovery of rent; the only question involved being whether any rent has become due, the payment of which has been refused after demand.

3. SAME—FINAL ORDER—CONCLUSIVENESS—LEASE—OCCUPATION—RENT DUE—AMOUNT.

The final order in a proceeding for summary dispossession is conclusive as to the existence and validity of the lease, the occupation by the tenant, and that some rent is due and unpaid, but not as to the amount of rent due, although the amount is alleged in the petition.

4. SAME—FINAL ORDER—AMOUNT OF RENT DUE—ERRONEOUS FINDING—AMENDMENT.

Under Code Civ. Proc. § 723, providing that after judgment, in furtherance of justice, the judgment may be amended by conforming the proceedings to the facts proved, provided such amendment does not substantially change the defense, a final order in a proceeding for summary dispossession, containing an erroneous finding as to the amount of rent due, should be amended so as to make the amount recited in the order conform to the amount shown by the evidence.

Appeal from municipal court, borough of Brooklyn, Second district.

Proceedings for summary dispossession by Charles C. Stelle against Charles M. Creamer. From a final order in favor of plaintiff, defendant appeals. Modified and affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Douglas A. Levien, for appellant.
E. Newman, for respondent.

GOODRICH, P. J. In a proceeding for summary dispossession, the petition alleged that the tenant agreed to pay $133.33 rent monthly in advance on the 1st day of each month; that on September 1st there was due $399.99, for three months, viz., from July 1st to October 1st; and that payment of rent had been demanded of, and refused by, the tenant. On the trial it appeared that the annual rental was $1,300 per year, equivalent to $108.33 per month, so that, instead of $399.99 being due, only $324.99 was actually due on September 17th, when the petition was filed. The final order was made and the warrant for dispossession was issued on October 17th. The court adjudged that there was due $399.99.

Section 2254 of the Code of Civil Procedure provides that, where the final order establishes that the tenant holds over "after a default in payment of rent, * * * he may effect a stay, by payment of

the rent due," with interest and costs, or by giving an undertaking to pay the rent, with interest and costs, within 10 days, at the expiration of which time a warrant may issue unless the tenant produces to the justice satisfactory evidence of the payment. The tenant appealed from the final order on October 15th, but there is no evidence that he either paid, or was willing to pay, the rent, or gave any undertaking, as provided in section 2254. He claims that the final order is erroneous, because, the amount of the rent being incorrectly stated, he is "deprived of his legal right to redeem by paying the rent actually due." The landlord testified that the rent was $1,300 per year. He said that he had demanded the rent for the three months. The agent of the landlord also testified that after August 1st he demanded "the rent,"—"the rent for the two months," —and on September 1st the rent for the three months, and that the tenant said he would pay later. But the tenant denied that any demand was made on him, and said that he did not pay the rent because the landlord did not fulfill his promise to make certain repairs, and put back certain articles which he had taken from the premises. He made no question on the trial as to the amount of the monthly rental. The real question litigated at the trial was not the amount of the rent, but the refusal of the tenant to pay any rent whatever, and there is no evidence which justified the tenant in failing to pay rent. If the tenant had made any offer to pay the rent after final order, or had given an undertaking to pay the same, his legal rights might have been invaded by the final order; but, as no such facts appear, no injustice has been done him. The court had no power to render any judgment for the recovery of rent. The only questions involved in such proceedings are whether any rent has become due, and whether its payment has been demanded and refused. Bennett v. Nick (Sup.) 61 N. Y. Supp. 106. While the final order is conclusive as to the existence and validity of the lease, the occupation by the tenant, and that some rent is due and unpaid, it is not conclusive as to the amount of rent due, although the amount is alleged in the petition. Jarvis v. Driggs, 69 N. Y. 143. But it is proper that the final order should be amended so as to reduce the amount of rent found due from $399.99 to $324.99. This is in accordance with section 723 of the Code of Civil Procedure, which provides that after judgment, in furtherance of justice, where the amendment does not change substantially the defense, the judgment may be amended by conforming the proceedings to the facts proved.

As thus modified, the final order must be affirmed, without costs of this appeal. All concur.