CHARLES G. STELLE, Agent for Landlord, Respondent, *v.* CHARLES M. CREAMER, Tenant, Appellant.

*Summary proceedings for non-payment of rent — the final order is conclusive as to the tenancy, the occupation and that rent is due, but not as to its amount — an order overstating the amount, modified but not reversed.*

A final order made in a summary proceeding to dispossess a tenant for the non-payment of rent is conclusive as to the existence and validity of the lease, the occupation by the tenant and the fact that some rent is due and unpaid, but it is not conclusive as to the amount of rent due, although such amount is alleged in the petition.

The fact that the final order overstates the amount of rent which was actually due does not entitle the tenant to have the order reversed on appeal where it does not appear that after the final order was made he made any offer to pay the rent actually due, or to give an undertaking to pay the same.

In such a case the court may, under section 723 of the Code of Civil Procedure, amend the final order by stating therein the amount of rent actually due.

APPEAL by the defendant, Charles M. Creamer, tenant, from a final order of the Municipal Court of the city of New York,

borough of Brooklyn, in favor of the plaintiff, entered on the 10th day of October, 1901, in summary proceedings brought to recover possession of real estate.

*Douglas A. Levien,* for the appellant.

*E. Newman,* for the respondent.

GOODRICH, P. J.:

In a proceeding for summary dispossession the petition alleged that the tenant agreed to pay $133.33 rent monthly in advance on the first day of each month; that on September first there was due $399.99 for three months, viz., from July first to October first, and that payment of rent had been demanded of and refused by the tenant. On the trial it appeared that the annual rental was $1,300 per year, equivalent to $108.33 per month, so that, instead of $399.99 being due, only $324.99 was actually due on September seventeenth, when the petition was filed.

The final order was made and the warrant for dispossession was issued on October seventeenth. The court adjudged that there was due $399.99.

Section 2254 of the Code of Civil Procedure provides that where the final order establishes that the tenant holds over "after a default in the payment of rent, * * * he may effect a stay by payment of the rent due," with interest and costs, or by giving an undertaking to pay the rent, with interest and costs, within ten days, at the expiration of which time a warrant may issue, unless the tenant produces to the justice satisfactory evidence of the payment.

The tenant appealed from the final order on October fifteenth, but there is no evidence that he either paid or was willing to pay the rent or gave any undertaking as provided by section 2254. He claims that the final order is erroneous because, the amount of the rent being incorrectly stated, he is "deprived of his legal right to redeem by paying the rent actually due."

The landlord testified that the rent was $1,300 per year. He said that he had demanded the rent for the three months.

The agent of the landlord also testified that after August first he demanded "the rent," "the rent for the two months," and on Sep-

tember first the rent for the three months, and that the tenant said he would pay later.

But the tenant denied that any demand was made on him, and said that he did not pay the rent because the landlord did not fulfill his promise to make certain repairs and put back certain articles which he had taken from the premises. He made no question on the trial as to the amount of the monthly rental.

The real question litigated at the trial was, not the amount of the rent, but the refusal of the tenant to pay any rent whatever, and there is no evidence which justified the tenant in failing to pay rent. If the tenant had made any offer to pay the rent after final order or had given an undertaking to pay the same, his legal rights might have been invaded by the final order, but as no such facts appear, no injustice has been done him.

The court had no power to render any judgment for the recovery of rent. The only questions involved in such proceedings are whether any rent has become due and whether its payment has been demanded and refused. (*Bennett* v. *Nick*, 29 Misc. Rep. 632.)

While the final order is conclusive as to the existence and validity of the lease, the occupation by the tenant and that some rent is due and unpaid, it is not conclusive as to the amount of rent due, althought the amount is alleged in the petition. (*Jarvis* v. *Driggs*, 69 N. Y. 143.)

But it is proper that the final order should be amended so as to reduce the amount of rent found due, from $399.99 to $324.99. This is in accordance with section 723 of the Code of Civil Procedure, which provides that after judgment, in furtherance of justice, where the amendment does not change substantially the defense, the judgment may be amended by conforming the proceedings to the facts proved.

As thus modified, the final order must be affirmed, without costs of this appeal.

All concurred.

Judgment of the Municipal Court modified, without costs, in accordance with opinion.