(51 Misc. Rep. 598.)

MEYERHOFFER v. BAKER.

(Supreme Court, Appellate Term.   November 14, 1906.)

JUDGMENT—MATTERS CONCLUDED—VALIDITY OF LEASE.

A judgment in summary proceedings, awarding to a landlord possession of the leased premises for failure of the tenant to pay rent due, is conclusive as to the validity of the lease in a subsequent action by the tenant for fraud in procuring the lease.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1244, 1254–1258, 1262.]

Appeal from City Court of New York, Special Term.

Action by Sarah Meyerhoffer against Hyman D. Baker. From a judgment in favor of defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Manheim & Manheim, for appellant.

Adolph Cohen, for respondent.

GILDERSLEEVE, J.   The action is brought to recover the sum of $2,000 damages for fraud.   The plaintiff alleges that she leased in writing certain premises from defendant; that she was induced to do so by the false and fraudulent representations of defendant; that she paid $2,400 as security, as provided in the lease; that subsequently, upon discovering the fraud, she rescinded the lease and tendered back to defendant the rents collected by her from the various tenants in the building, and demanded the return of the security money, which sum defendant refused to pay.   Defendant admits the lease, but denies the alleged fraud, and denies the rescission; and he sets up as a separate defense a judgment or final order of the Municipal Court in summary proceedings awarding defendant possession of the building for the failure of plaintiff to pay the rent due under said lease.   This action was commenced on or about June 23, 1903.   The final order in the Municipal Court proceeding was made on June 13, 1903.   The lease was made on or about May 12, 1903.   The court directed a verdict for defendant, on the ground that the plaintiff could have set up this cause of action as a defense in the summary proceedings, and that the judgment or final order in that proceeding makes this action res adjudicata.

The estoppel of a former judgment extends to every material matter within the issues which was expressly litigated and determined, and also as to those matters which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered.   It is not necessary to the conclusiveness of a former judgment that issue should have been taken upon the precise point controverted in the second action.   Whatever is necessarily implied in the former decision is, for the purposes of the estoppel, deemed to have been actually decided.   Pray v. Hegeman, 98 N. Y. 351.   To authorize a judgment to remove a tenant holding over, the conventional relation of landlord and tenant must exist.   To establish this relation of landlord and tenant.

between the parties, and to entitle the defendant herein to a judgment in the summary proceedings, the existence of a valid lease upon which rent was due from this plaintiff to this defendant was necessary. Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607. The judgment taken in the summary proceedings by the landlord for nonpayment of rent is conclusive between the parties as to the existence and validity of the lease, the occupation of the tenant, and the fact that rent was due, and also as to any other facts alleged in the petition or affidavit which are required to be alleged as a basis of the proceeding. In said proceeding the tenant, under a denial of the facts upon which the summons was issued, could have proved that the alleged lease was executed under fraudulent misrepresentations, and was void. The determination in the summary proceedings comprehended and involved every question relating to the validity of the lease and the relations between the parties, and the estoppel of the judgment extends to them, even though they were not litigated or considered in that proceeding. Reich v. Cochran, supra. By the judgment of the Municipal Court, therefore, plaintiff was found guilty of a breach of a valid contract of lease by the nonpayment of rent, so that she cannot recover in this action the money put up to secure her compliance with the said contract, which specifically provides that she shall forfeit this sum of $2,400 in case she "is removed or dispossessed by due process of law, or otherwise, for nonpayment of rent, or any other reason whatever."

The judgment and order appealed from must be affirmed, with costs. All concur.