PETERSON v. WANNOP et al.

(Supreme Court, Appellate Term. June 21, 1912.)

JUDGMENT (§ 747*)—CONCLUSIVENESS—ACTIONS RELATING TO REAL PROPERTY.

The record of a dispossess proceeding, showing the issuance of a precept, is conclusive of the landlord's right to recover rent in a subsequent action, but not of the amount of the rent.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1053, 1284–1296; Dec. Dig. § 747.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Charles Peterson against Joseph Wannop and others. From a judgment for plaintiff after trial by the court without a jury, the defendant named appeals. Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

George A. Knobloch, of New York City, for appellant.

Bernard J. Isecke, of New York City, for respondent.

BIJUR, J. This action was brought for rent of certain premises. Substantially the only proof permitted to be made by the trial judge was the introduction by the plaintiff of the record in a previous dispossess proceeding between the present plaintiff as landlord and the defendant and others, alleged to have been tenants.

The learned trial judge ruled that the decision in favor of the landlord and the issuing of the precept in the summary proceedings constituted the same a binding adjudication upon the defendant as to all matters determined in the proceedings, and held that the amount of rent was thus determined. In this the learned trial judge erred. In Jarvis v. Driggs, 69 N. Y. 143, it is decided that the issuing of the precept in summary proceedings is a conclusive determination of the relation of landlord and tenant, and that some rent was due, but that it is not determinative of the amount of the rent. Prior decisions which seem to hold the contrary, notably Brown v. Mayor, in 66 N. Y. 385, are explained by the court as cases in which that particular question was not raised.

Under the circumstances, it is unnecessary to determine a further point which suggests itself upon an examination of the judgment roll in the summary proceedings, namely, whether the decision in those proceedings is a binding adjudication as to any issue against the present defendant, since the petition in the summary proceedings shows unequivocally that the defendant had no possible right or interest in the premises at the time of the filing of the petition; his tenancy having patently, upon the allegations of the petition, terminated completely a month and a half before.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.