SEA GATE HOTEL COMPANY, Plaintiff, *v.* CHARLES H. NAHMMACHER, Defendant.

(Municipal Court of City of New York, Borough of Brooklyn, Fourth District, February, 1919.)

Summary proceedings — when judgment awarding possession is not res adjudicata — landlord and tenant — evidence — damages.

> The only effect of a judgment in summary proceedings against a tenant is the determination as to whether he or his landlord is entitled to the possession of the premises.

> Where in a summary proceeding the evidence for the landlord tending to show the existence of the lease described in the petition is met by evidence for the tenant tending to show that there was no lease but merely an agreement for the storage of certain goods, a judgment in the usual form awarding possession of the premises to the landlord, is not *res adjudicata* in an action to recover rent based thereon, though there is incorporated in said judgment a finding that a certain amount of rent was due and unpaid, and upon proof simply that there was a lease and that some rent was due thereunder, the plaintiff is only entitled to recover nominal damages.

ACTION for rent.

Sidney Rosenthal, for plaintiff.

Wilbur F. Earp, for defendant.

DOUGHTY, J. The question arises here as to the force and effect of a judgment in a summary proceeding. This is an action for rent, and the plaintiff's case rests principally upon the papers in a summary proceeding between the same parties as are now in court, which papers are in evidence in this action.

The petition in the summary proceeding sets forth (among other things) that the landlord and the tenant made an agreement " on or about the 27th day of July, 1917," whereby " the said tenant hired from the

said landlord the said premises before described, for the term of one day and undertook and promised to pay the said landlord the sum of $3.00 a day payable daily in advance from the said date thereafter during occupancy, for the use and occupation thereof, and did thereupon enter into the occupation of said premises.'' The answer in the summary proceeding puts in issue practically all the material allegations of the petition and on the trial the tenant produced proof to show that the agreement in question thereon was not a lease, but an agreement for the storage of certain goods. The judgment is in the usual form and finds that $261.50 rent was due and unpaid, and awards the possession of the premises to the landlord.

The plaintiff claims it is entitled to $485.10 and the defendant asserts that all the proof would show would be three dollars for one day's rent, or nominal damages amounting to six cents.

The doctrine of *res adjudicata* is stated in *Moore* v. *City of Albany*, 98 N. Y. 396, 410, as follows: "A judgment as to all matters decided thereby, and as to all matters necessarily involved in the litigation leading thereto, binds and estops all the parties thereto, and their privies in all cases where the same matters are again brought in question.''

The matters involved in a summary proceeding are those which are required to be determined therein and those which are required to be made the basis thereof, and its gravamen is as to the *possession* of real property. The only object and effect of a judgment in a summary proceeding is the determination as to which of the parties has the right to the possession of the premises in question. *Posson* v. *Dean*, 8 Civ. Pro. 177. The matters which must necessarily be established in a summary proceeding such as the one in question, are found to be stated in section 2235 of

the Code of Civil Procedure, and are: (1) a description of the premises, (2) the petitioner's interest therein, (3) the facts authorizing the removal of the tenant, and (4) the name, or designation of the tenant. Respecting the requirement number (3) above mentioned, it is further necessary to set forth that the relation of landlord and tenant existed (Code Civ. Pro. § 2231, subd. 2), namely, that there is a holding over " after default in the payment of rent, pursuant to the agreement under which the demised premises are held," etc. And now we come to the crucial question, namely, to what extent as to *"the agreement* under which the demised premises are held " is the judgment in the landlord's favor binding in this action? Is it an adjudication of the single fact that *a* lease existed, or does it go further and adjudge the lease to be the one set forth in the petition so as to establish all of its provisions as alleged?

It was not necessary to allege any more about the lease than that the conventional relation of landlord and tenant existed. *Reich* v. *Cochran,* 201 N. Y. 450–455; *People ex rel. Hughes* v. *Lamb,* 10 Hun, 348. The latter case was decided under the provisions of 2 Revised Statutes, 512, section 28, subdivision 2, which are the same as Code of Civil Procedure, section 2231, subdivision 2, and is directly in point. The law is well settled that a summary proceeding is not conclusive as to the amount of rent due — it establishes only that as to that matter, some rent is due, whether the point be uncontested in the summary proceeding (*Jarvis* v. *Driggs,* 69 N. Y. 143; *Gross* v. *Salzman,* 61 Misc. Rep. 630–633), or contested therein (*Sheldon* v. *Testera,* 21 id. 477) and even though the inconclusiveness of the finding as to rent due embarrass the tenant who desires to pay the rent so as to effect a stay of the warrant. *Sheldon* v. *Testera, supra.*

Municipal Court of New York, February, 1919.    [Vol. 106.

Thus, if we follow the reasoning respecting the *amount* of rent involved it would seem, at least on the surface, that because it is not necessary to litigate any point respecting the lease except its existence, the judgment is not conclusive as to its provisions whether disputed or not.  Does this conclusion oppose the rule in *Reich* v. *Cochran,* 151 N. Y. 122–127, that the proceeding involves '' every question relating to the validity of the lease and the relation between the parties; '' or the decision in *Nemetty* v. *Naylor,* 100 N. Y. 562–566, that the judgment settles '' the facts as to the tenancy existing between the plaintiff and defendants;'' or the rule in *Meyerhoffer* v. *Baker,* 51 Misc. Rep. 598, which holds that '' To establish this relation of landlord and tenant between the parties, and to entitle the defendant herein to a judgment in the summary proceedings, the existence of a valid lease upon which rent was due from this plaintiff to this defendant was necessary? '' It may be urged that in order to determine the relation of landlord and tenant the court *must* decide as to the existence of a *specified* lease, that such point is involved in the determination as to whether there was any lease at all. In the proceeding in question here the landlord's evidence showed the existence of the lease described in the petition, and the tenant's evidence showed that there was no lease at all, and the court decided that issue in the landlord's favor; thereupon the argument is strong that the decision established the very lease (and its provisions) as alleged and proved in the proceeding.  That is a forceful argument and I am strongly influenced by it, but the answer to it seems to be that the *provisions* of the lease are not *necessarily* involved in the matter any more than the actual *amount* of the rent is involved, even though in order to prove that some rent is due, the evidence must show

a specified amount to be due. This would seem
illogical, but it is not really so because we must not
lose sight of the fact that all a summary proceeding
actually decides is as to the possession of the premises.
Since the adjudication is that *some* rent is due, it fol-
lows that the adjudication is also only that *a* lease
existed. I believe the weight of authority points that
way. It is well to remember that the doctrine of *res
adjudicata* relates not to the reasons for a judgment,
but its object, and that it controls only those matters
which were necessarily involved in the litigation,
especially in a matter such as a summary proceeding,
which, being in derogation of the common law, is bound
by rules of strict construction against the landlord.

The plaintiff has proved only that there was a lease
and that some rent was due thereunder. Therefore
it is entitled to nominal damages only.

Judgment accordingly.