SEA GATE HOTEL COMPANY, Appellant, *v.* CHARLES H. NAHMMACHER, Respondent.

(Supreme Court, Appellate Term, Second Department, May, 1920.)

Summary proceedings — for non-payment of rent — landlord and tenant — lease — actions — res adjudicata — evidence — warrant — Code Civ. Pro. §§ 2253, 2254, 2256.

A final order in favor of the landlord in a summary proceeding for non-payment of rent, though not *res adjudicata* in an action to recover rent, as to the amount of rent due, is conclusive proof not only that some rent is due and unpaid, but also as to the existence and validity of the lease upon which the proceeding was based, the occupation of the tenant thereunder and his holding over after default in payment of rent.

While the court in a dispossess proceeding has no power to render a judgment for the recovery of rent, yet, for the purpose of enabling the tenant to avail himself of the provisions of sections 2254 and 2256 of the Code of Civil Procedure, the court has power to determine the amount of rent due and such a finding is conclusive in the proceeding.

While the plaintiff in an action to recover rent must plead non-payment it is not necessary to make proof of that fact; the burden of proving payment rests upon the defendant.

In an action to recover rent due between November 1, 1917, and April 3, 1918, the only evidence, other than the petition, precept, answer, final order and warrant in a dispossess proceeding instituted by plaintiff's agent to remove defendant

from the premises for non-payment of rent, was testimony tending to show that there had been no change in the situation between the making of the final order awarding possession to the landlord and the issuance of a warrant on April 3, 1918. By said final order, which was dated March 27, 1918, there was a finding as to the amount of rent due from November 1, 1917, to January 26, 1918, when the petition in a summary proceeding was filed. Upon reversing a judgment in favor of plaintiff for six cents damages and costs and ordering a new trial, *held,* that under section 2253 of the Code of Civil Procedure the issuance of the warrant canceled the lease, and possession by the defendant on the date of the final order being conclusively determined by the warrant plaintiff was entitled to recover the rent from March 27, 1918, to April 3, 1918, as well as for the period preceding the determination in the summary proceeding.

APPEAL by plaintiff from a judgment rendered in the Municipal Court of the city of New York, borough of Brooklyn, fourth district.

Sidney Rosenthal, for appellant.

Wilbur F. Earp, for respondent.

CROPSEY, J. The action is for rent. The answer pleads a counterclaim but that was dismissed and the defendant does not appeal. The appeal is by the plaintiff from a judgment in its favor for six cents damages and costs.

The letting sued upon is alleged to have been made on July 27, 1917, at the rate of $3 per day. The complaint alleges that the defendant went into possession and paid the rent as provided until November 1, 1917, but failed to pay the rent from the latter date to April 3, 1918. The demand was for rent between the two last-named dates, amounting to $462.

The plaintiff put into evidence the petition, precept, answer, final order and warrant in a summary proceeding to remove this defendant from the premises in question. That proceeding was instituted by Peter B.

Sweeney, alleging he was the authorized agent of the plaintiff. It was based upon a claim of non-payment of rent. The petition therein alleged the same letting pleaded in the complaint in this action. The amended answer of the tenant in that proceeding denied all the allegations of the petition except that the present plaintiff was the owner of the premises described and that Sweeney was its authorized agent, and pleaded as a defense that prior to the commencement of the proceeding and about November 19, 1917, the tenant had removed from the premises and had surrendered possession to the landlord which the latter had accepted. The final order was made awarding possession to the landlord. That order is dated March 27, 1918. It finds that $261 is due and unpaid as rent. This is the amount of the rent from November 1, 1917, to the date of the petition (January 26, 1918). Upon this final order a warrant of dispossess was issued April 3, 1918.

The only other proof offered by the plaintiff that has any effect upon the question presented, was testimony to show there was no change in the situation between the making of the final order and the issuance of the warrant. The defendant did not introduce any evidence. As has been stated, the trial court rendered judgment for the plaintiff for the nominal sum of six cents. The question is: Upon this proof was the plaintiff entitled to a judgment for a larger amount?

It cannot be now disputed that in an action for rent a final order in favor of the landlord in a summary proceeding based on the non-payment of rent is not conclusive — that is, it is not *res adjudicata* — as to the *amount* of rent due. *Jarvis* v. *Driggs*, 69 N. Y. 143; *Stelle* v. *Creamer*, 69 App. Div. 296; *Sheldon* v. *Testera*, 21 Misc. Rep. 477; *Steiger* v. *Feldman*, 94 id. 243, 244; *Prince* v. *Schlesinger*, 116 App. Div. 500, 502. Such an order, however, is conclusive proof that *some* rent is due and unpaid. And it is also conclusive as

to the existence and validity of the lease upon which the proceeding was based, the occupation of the tenant thereunder and the holding over by the tenant after default in the payment of rent. See above cases, also *Brown* v. *City of New York,* 66 N. Y. 385; *Nemetty* v. *Naylor,* 100 id. 562, 566; *Meyerhoffer* v. *Baker,* 51 Misc. Rep. 598; *Reich* v. *Cochran,* 151 N. Y. 122, 127. The trial court in the case at bar (opinion reported in 106 Misc. Rep. 315) held that the final order was not conclusive as to the *terms* of the letting, but the cases cited (*People ex rel. Hughes* v. *Lamb,* 10 Hun, 348; *Reich* v. *Cochran,* 201 N. Y. 450, 455) do not support that holding. The rule is to the contrary as above stated.

It is also settled that the court in dispossess proceedings has no power to render a *judgment* for the recovery of rent. *Stelle* v. *Creamer,* 69 App. Div. 296, 298; *Bennett* v. *Nick,* 29 Misc. Rep. 632; *Hett* v. *Lange,* 139 App. Div. 743, 745; *Liedtke* v. *Meyer,* 137 id. 74; *Jarvis* v. *Driggs,* 69 N. Y. 143, 147. But it does have power to determine for certain purposes the amount of rent due and to resort to an accounting for that purpose, if necessary. *Natkins* v. *Wetterer,* 76 App. Div. 93; *Bliss* v. *Ruddell,* 171 N. Y. Supp. 387; *Hett* v. *Lange,* 139 App. Div. 743; *Empire Holding Co.* v. *Bonwit,* 171 N. Y. Supp. 378. See, also, *Browning, King & Co.* v. *Chamberlain,* 210 N. Y. 270, 273. The court has this power at least for the purpose of enabling the tenant to avail himself of the provisions of sections 2254 and 2256 of the Civil Code. And that such a finding is *conclusive in the proceeding* is shown by the above cases holding that an error of the court in fixing the amount will be corrected on appeal. There is no inconsistency, however, between this and the holding that such a finding is not *res adjudicata,* that is, is not conclusive for all purposes outside the proceeding itself.

Though the finding in the summary proceeding of the *amount* of rent due is not evidence, conclusive or otherwise, in an action for the rent, the other findings involved in the determination therein are sufficient to make out a *prima facie* case for the plaintiff. The final order in a summary proceeding, as already has been stated, conclusively proves the existence and validity of the lease (and this, of course, includes its terms as therein alleged), the possession of the tenant under that lease to the date of the final order (*Reich* v. *Cochran,* 151 N. Y. 122, 126; *Stelle* v. *Creamer,* 69 App. Div. 296, 298; *Steiger* v. *Feldman,* 94 Misc. Rep. 243, 244), and his default in the payment of the rent as agreed. Thus every fact necessary to be proved in an action for rent, with the possible exception of the amount of rent unpaid, is established by the determination in the summary proceeding.

But in an action for rent is it necessary for the plaintiff to prove the amount of rent that is unpaid under the agreement? While there is some conflict in the authorities the better rule and the one quite universally approved is that in an action upon contract for the payment of money only, although it may be necessary to plead non-payment, it is not necessary for the plaintiff to prove that fact, and that the burden of proving payment is upon the defendant. *Posner* v. *Rosenberg, No. 2,* 149 App. Div. 272, 277; *Grafton* v. *Brigham,* 70 Hun, 131, 135; *Collender* v. *Smith,* 20 Misc. Rep. 612, 614; *Lerche* v. *Brasher,* 104 N. Y. 157, 161; *Hicks-Alixanian* v. *Walton,* 14 App. Div. 199, 201; *Matter of Rowell,* 45 id. 323; *Redmond* v. *Hughes,* 151 id. 99, 102; *Matter of Neil,* 35 Misc. Rep. 254; *Dose* v. *Hirsch Brothers,* 65 id. 515; *Ives* v. *Male,* 75 id. 387, 390; *Dresser* v. *Mercantile Trust Co.,* 124 App. Div. 891, 893. This question is discussed at length and many of the cases above cited are referred to in *Conkling* v. *Weatherwax,* 181 N. Y. 258, in which case

the general rule stated in the dissenting opinion of Chief Judge Cullen was accepted by the majority of the court.

An action for rent comes within the rule just stated. So the facts established by the determination in the summary proceeding prove the essentials of plaintiff's claim. It is but a simple matter of arithmetic to ascertain the amount of rent accrued. No further proof is necessary. In the absence of proof to the contrary defendant will be deemed to owe the rent called for by the lease, less the amount plaintiff admits receiving on account.

That the plaintiff in its complaint admits payment of rent up to a certain date does not change the rule. If it would not have been obliged to prove the amount unpaid had it not admitted receiving on account the specified amount, it cannot be under any greater obligation merely because it has made that admission. The admission merely relieved the defendant of the necessity of proving that payment. If he claimed to have made additional payments he was still under the duty of pleading and proving the fact. *Acharan* v. *Samuel Brothers,* 144 App. Div. 182; *Bremer* v. *Ring,* 146 id. 724, 726. The defendant neither' pleaded nor proved any payment other than that admitted in the complaint.

In two cases that have been cited above (*Brown* v. *City of New York,* 66 N. Y. 385; *Jarvis* v. *Driggs,* 69 id. 143) the plaintiffs recovered the amounts claimed to be due for rent upon no proof other than the papers in summary proceedings and those judgments were affirmed by the Court of Appeals. The record in the *Jarvis Case,* Court of Appeals Cases, No. 246, Law Library, Brooklyn, makes very plain what the Court of Appeals actually decided. The judgment below was affirmed and the rulings of the trial court upheld, but to avoid a misunderstanding of its decision and to make plain it was not based upon the holding that the deter-

mination in the summary proceeding was conclusive proof of the amount due, as had been argued, the court said it *would have been* erroneous had the lower court ruled that such a determination "established" the *amount* of rent due. That record shows the defendants sought to prove they were not plaintiffs' tenants and that before the summary proceedings were started they had surrendered possession to the plaintiffs which the latter had accepted. This proof was excluded and the rulings sustained. The defendants' motion to dismiss the complaint in that case was also specifically based upon the contention, among others, that there was a failure of evidence to show any amount of rent due. That the determination in the summary proceeding, in the absence of other proof, was sufficient to sustain a finding of the amount of rent due was involved in the denial of the motion to dismiss and in the later direction by the court of a verdict for the plaintiffs for the amount claimed. And these rulings were sustained on appeal.

In the present case the plaintiff's claim includes the period from the date of the final order (March 27, 1918) to the date of the issuance of the warrant (April 3, 1918). The issuance of the warrant canceled the lease. Code Civ. Pro. § 2253. Possession by the defendant on the date of the final order is conclusively determined by it, and that there was no change in the situation regarding his occupancy between that date and the date of the issuance of the warrant was shown. The plaintiff was, therefore, entitled to recover rent for that period as well as for the period preceding the determination in the summary proceeding.

CLARK and KELBY, JJ., concur.

Judgment reversed, with thirty dollars costs to abide the event, and new trial ordered.